IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOSEPHINA COURTNEY, *Petitioner*,

*v.*

THE HONORABLE GEORGE H. FOSTER, JR., Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge,*

CLINT COURTNEY, *Real Party in Interest.*

No. 1 CA-SA 14-0132
FILED 09-18-2014

Petition for Special Action from the Superior Court in Maricopa County
No.  FC2014-003501
The Honorable George H. Foster, Jr., Judge

**JURISDICTION ACCEPTED AND RELIEF GRANTED**

COUNSEL

Cantor Law Group, PLLC, Phoenix
By Felicia Schumacher, Nicole Stearns
*Counsel for Petitioner*

Smith Law Office, Litchfield Park
By Terry Bays Smith
*Counsel for Real Party in Interest*

## OPINION

Judge Maurice Portley delivered the Opinion of the Court, in which Presiding Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

**P O R T L E Y**, Judge:

¶1        After filing her petition for dissolution, Petitioner Josephina Courtney ("Mother") sought temporary parenting time with her daughter. Clint Courtney ("Father") challenged her request because he had previously secured an order of protection against Mother from the Tolleson Municipal Court, and their daughter was listed as a protected person. The superior court conducted an evidentiary hearing, found it did not have the authority to modify the order of protection, and, as a result, denied Mother any temporary parenting time. Mother seeks special action review of the court's decision.

## PROCEDURAL BACKGROUND

¶2        Mother and Father married in April 1998 and have one minor child. Father obtained an ex parte order of protection in January 2014 against Mother that included their minor daughter as a protected person.[1] After a hearing, the municipal court amended the order of protection to allow Mother to have e-mail or regular mail contact with her daughter.

¶3        Mother filed a dissolution petition the following month and sought temporary parenting time.[2] The order of protection was subsequently transferred to the superior court pursuant to Arizona Revised Statutes ("A.R.S.") section 13-3602(P).[3] Although the superior court questioned whether it could modify the order of protection, the court held an evidentiary hearing and took the issues under advisement. In a detailed minute entry, the court determined that it did not have authority to modify

---

[1] Rule 1(F) of the Arizona Rules of Protective Order Procedure ("Rules") governs when a child can be included in a protective order.

[2] Father did not object to parenting time, but requested therapeutic parenting time paid for by Mother.

[3] We cite the current version of the statute unless otherwise noted.

the order of protection and denied Mother's request for temporary parenting time.

## JURISDICTION

**¶4**         Special action jurisdiction is discretionary, but appropriate, when there is no equally plain, speedy, and adequate remedy by appeal. Ariz. R.P. Spec. Act. 1(a). We have exercised special action jurisdiction over a ruling on temporary orders because a party does not have the ability to appeal the ruling. *Villares v. Pineda,* 217 Ariz. 623, 624-25, ¶¶ 10-11, 177 P.3d 1195, 1196-97 (App. 2008). Moreover, when an issue is one of first impression, is a purely legal question, is of statewide importance and may arise again, special action is appropriate. *Jordan v. Rea*, 221 Ariz. 581, 586, ¶ 8, 212 P.3d 919, 924 (App. 2009) (citing *Vo v. Superior Court*, 172 Ariz. 195, 198, 836 P.2d 408, 411 (App. 1992)). Accordingly, we exercise our discretion and accept special action jurisdiction over the temporary orders ruling.

## DISCUSSION

**¶5**         Mother challenges the superior court's conclusion that "the statute and the rule do not allow [her] under an order of protection to use a subsequent family court legal decision-making request to circumvent an order of protection." She contends that the superior court has the authority to determine whether and under what conditions she should have temporary parenting time notwithstanding the order of protection. We agree.

**¶6**         We review the interpretation of statutes and rules de novo. *Devenir Assocs. v. City of Phx.*, 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991); *Fragoso v. Fell,* 210 Ariz. 427, 430, ¶ 7, 111 P.3d 1027, 1030 (App. 2005). We interpret statutes and rules with the intent of the drafter and look to the plain language of the statute or rule as the best indicator of that intent. *Id.* If the language is clear and unambiguous, it is the best and most reliable index of the meaning of the rule or statute. *In re Estate of Winn*, 225 Ariz. 275, 277, ¶ 9, 237 P.3d 628, 630 (App. 2010). If, however, the language is ambiguous and the intent is unclear, we will consider the context of the rule and statute, "its language, subject matter, and historical background; its effects and consequences; and its spirit and purpose." *Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994).

**¶7**         We start our analysis by examining the superior court's authority to resolve the request for temporary parenting time. It is clear that the superior court "is vested with original jurisdiction to hear and decide all matters" relating to dissolving a marriage, including child

custody matters. A.R.S. § 25-311; *Pflum v. Pflum*, 135 Ariz. 304, 305, 660 P.2d 1231, 1232 (App. 1982) (recognizing that the superior court has exclusive jurisdiction over "the subject of custody and maintenance of the child of the parties to the divorce"); *Hunt v. Hunt*, 22 Ariz. App. 554, 556, 529 P.2d 708, 710 (1974) (stating that "[i]t is well settled in Arizona that divorce is a statutory action and that the trial court has only such authority as is given it by statute"). Moreover, the superior court has statutory authority to issue temporary orders, A.R.S. § 25-404(A), even if the parent seeking parenting time has committed an act of domestic violence. A.R.S. § 25-403.03(F).

¶8            Section 25-403.03(F) provides that if "the court finds that a parent has committed an act of domestic violence," which could be demonstrated by a protective order, the parent cannot have parenting time unless the parent proves to "the court's satisfaction that parenting time will not endanger the child or significantly impair the child's emotional development." And, if the parent meets his or her burden, the court may order the exchange in a protected setting, order an agency to supervise parenting time, order the parent who committed the act of domestic violence into counseling or any "other condition that the court determines is necessary to protect the child, the other parent and any other family or household member." *Id*.

¶9            Here, the Tolleson Municipal Court issued an order of protection "for the purpose of restraining [Mother] from committing an act included in domestic violence." A.R.S. § 13-3602(A). After reviewing the order from the municipal court, the superior court was statutorily authorized to handle the order "as though the petition for an order of protection had been originally brought in the superior court." A.R.S. § 13-3602(P). The superior court, as a result, had authority over the protective order as if it had originally issued the order. And, a court that issues an order has the inherent authority to modify its order. *See Arpaio v. Baca*, 217 Ariz. 570, 572 n. 3, ¶ 4, 177 P.3d 312, 314 n. 3 (App. 2008) (noting the superior court has inherent authority to take actions necessary to effectuate the administration of justice in pending cases); *Acker v. CSO Chevira*, 188 Ariz. 252, 254, 934 P.2d 816, 818 (App. 1997) (noting that "[a] court's inherent authority may be defined as such powers as are necessary to the ordinary and efficient exercise of jurisdiction") (internal quotation marks omitted).

¶10           In addition to the superior court's inherent authority to modify a protective order in issuing a parenting time order, § 25-403.03(F) specifically recognizes that the superior court "may" order an exchange in a protected setting, establish supervised parenting time, order the parent to pay for the supervision, order the address of the child and the other parent

4

remain confidential, prohibit overnight parenting time, and "any other condition that the court determines is necessary to protect the child, the other parent and any other family or household member."

**¶11** Moreover, the protective order procedural rules recognize the primacy of the superior court in custody and parenting time matters. Rule 4, section B is entitled "Child Custody and Parenting Time," and subsection one states that "a protective order shall not contain provisions regarding child custody or parenting time issues" because "[l]egal issues, such as . . . custody, parenting time, dissolution of marriage . . . may only be addressed by the superior court in a separate action under Title 25 of the Arizona Revised Statutes." Ariz. R. Prot. Ord. P. 4(B)(1). And, the Committee's Comment to the rule states that when an action is pending under Title 25, "Family Law Judicial officers should refer to the options set forth in A.R.S. § 25-403.03(F), including supervised exchanges of parenting time, when a protective order is in effect." Consequently, the rules promulgated by our supreme court recognize the primacy of § 25-403.03(F) in parenting time decisions. Therefore, and contrary to Father's argument, the superior court has the statutory authority to modify the protective order if the court is satisfied that parenting time would not endanger the child or significantly impair the child's emotional development.[4]

**¶12** The superior court did not decide whether Mother met her burden of proof. The court will have to decide whether Mother met her burden of proof under § 25-403.03(F) based on the evidence produced at the evidentiary hearing or any subsequent hearing. And, if the court determines that Mother met her burden of proof, the court can adopt any

---

[4] Father also contends that Rule 4(B)(6)(a) does not allow the superior court to modify a protective order. The Rule provides that a superior court judicial officer may issue an original protective order, or "modify an existing protective order that includes an exception allowing the defendant to come near or contact the plaintiff in person in order to implement a child custody order or parenting time order." Ariz. R. Prot. Ord. P. 4(B)(6)(a). Although the word "that" in the rules is used as a conjunctive between "modify an existing protective order" and "includes an exception allowing . . . ," "that" is prospective after any modification because a municipal court or justice court could not issue a protective order allowing a defendant to come near or in contact with a plaintiff to implement a parenting time order. *See* Rule 4(B)(5)(a). Consequently, under the rule, much like § 25-403.03(F), a superior court can, if warranted, modify an order of protection when handling a dissolution action involving custody and parenting time.

appropriate conditions even if the protective order has to be modified.  We, however, express no opinion about the evidence outlined in the ruling.

¶13           Father has requested his attorneys' fees pursuant to § 25-324. Because the record does not have any financial information to consider and he did not prevail, we deny his request.

**CONCLUSION**

¶14           Based on the foregoing, we accept special action jurisdiction and grant relief.



Ruth A. Willingham · Clerk of the Court
FILED : gsh