NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN CHRISTOPHER SPERO, *Petitioner,*

*v.*

THE HONORABLE MICHAEL HERROD, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge,*

AMANDA COLLEENE SPERO, *Real Party in Interest.*

No. 1 CA-SA 15-0150
FILED 9-1-2015

Petition for Special Action from the Superior Court in Maricopa County
No.  FC2010-005782
The Honorable Michael J. Herrod, Judge

**JURISDICTION ACCEPTED, RELIEF GRANTED IN PART**

COUNSEL

The Murray Law Offices, P.C., Scottsdale
By Stanley David Murray

Korbin Steiner & Marquis, Scottsdale
By Rebecca Marquis
*Co-Counsel for Petitioner*

Weiss-Riner Law, P.C., Scottsdale
By Melissa Weiss-Riner, James E. Riner
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Presiding Judge Maurice Portley delivered the decision of the Court, in which Judge Michael J. Brown and Judge Margaret H. Downie joined.

---

**P O R T L E Y**, Judge:

¶1             Petitioner John Christopher Spero ("Father") challenges the May 27, 2015 emergency ruling of the family court that, without notice or hearing, reinstated Amanda Peterson [fka Spero] ("Mother") as the primary residential parent, precluded Father from traveling with the child outside of the United States without written agreement of both parents or until further order of the court, and related rulings.  For the following reasons, we accept special action jurisdiction and grant relief in part.

## FACTUAL BACKGROUND

¶2             The parties divorced on February 2011 by consent decree, but they continue to bicker over their son and have had a number of hearings related to him.  After an incident of domestic violence in December 2014, while the child was residing with Mother, Father filed a successful motion for temporary orders without notice.  The court, however, scheduled and held an evidentiary hearing the following month and issued its temporary orders ruling on March 20, 2015.

¶3             Although Father did not mention that he sought to modify the court's March 2015 order in May 2015 without notice or hearing, the court granted the motion, which was filed on May 19, 2015.  The order essentially overturned portions of the March ruling and gave Father the final decision-making authority, eliminated the summer week on/week off parenting time, and, as relevant, provided Mother with the parenting time the court had ordered without notice on January 16, 2015.

¶4             Three days after Larry Waldman, Ph.D., had sent his completed family study to the lawyers, Mother filed a pleading entitled "Emergency Motion to Prevent Father from Taking Child to Mexico for Two Months and Motion for Court Orders Consistent with Dr. Waldman's Recommendations" and requested an expedited ruling.  The motion noted that Mother learned that Father and his wife intended to take the child to Mexico for the summer at or about the time Mother was supposed to begin

having her week on/week off parenting time the court had directed in its March 2015 order. And having read that the child wanted to live with her and other information, Mother asked the court to immediately adopt Dr. Waldman's recommendations.

¶5        The family court, due to its schedule, granted the motion the next day and ruled that Father could not take the child to Mexico without Mother's written permission or a court order. The court also reinstated Mother as the primary residential parent, set parenting time once school started, and started the process to appoint a parenting coordinator. The court did not, at the time, set an evidentiary hearing or indicate that one would be set to address Dr. Waldman's report which led to the primary residential parenting change.

## JURSIDICTION

¶6        Special action jurisdiction is appropriate when there is no equally plain, speedy, and adequate remedy by appeal. Ariz. R.P. Spec. Act. 1. Because Father does not have the ability to file an appeal to challenge the family court's temporary emergency order of May 27, 2015, we accept special action jurisdiction. *See Courtney v. Foster*, 235 Ariz. 613, 615, ¶ 4, 334 P.3d 1272, 1274 (App. 2014).

## DISCUSSION

¶7        Father challenges the family court's ruling without notice or an opportunity to be heard, as well as the court's reliance on the family study report contrary to *Nold v. Nold*, 232 Ariz. 270, 273-74, ¶ 14, 304 P.3d 1093, 1096-97 (App. 2013). Mother, however, contends the court's ruling is appropriate given the fact that Father secured the May 19 order without notice to her, the information that Father wanted to take the child to Mexico for the summer, thereby depriving her of her parenting time as ordered in March 2015, and the other information in Dr. Waldman's report.

¶8        We agree in part with Mother and the family court. Upon receiving information that Father wanted to take the child to Mexico for the summer and interrupt Mother's parenting time schedule that had been set after the February 2015 evidentiary hearing, the court could not allow Father, without Mother's approval or the court's permission, to take the child to Mexico and deprive Mother of her parenting time as crafted in the March 2015 ruling.

¶9        We disagree, however, that there was a real emergency warranting the issuance of the May 27 order changing the primary

residential parent without setting an evidentiary hearing to allow the court to determine whether any change is in the child's best interests. *See Hays v. Gama,* 205 Ariz. 99, 102, ¶ 18, 67 P.3d 695, 698 (2003) (noting that the child's best interest is paramount in custody and parenting time decisions under A.R.S. § 25-403(A)); *Christopher K. v. Markaa S.,* 233 Ariz. 297, 301-02, ¶ 21, 311 P.3d 1110, 1114-15 (App. 2013) (noting that the court cannot delegate the best interests determination to an expert). Consequently, we grant relief in part by vacating the portion of the May 27, 2015 order "reinstating Mother as the primary residential parent," and remand the issue for an evidentiary hearing.

**¶10** Father also requests that we award him his attorneys' fees pursuant to Arizona Revised Statutes section 25-324 because of his limited financial resources as compared to Mother's. Mother also requests fees and costs based on Father's conduct in securing the May 19 order. Because we do not have any financial information about the parties, we deny both requests.

## CONCLUSION

**¶11** We accept and exercise special action jurisdiction over the family court's order of May 27, 2015. We grant relief in part by vacating the ruling reinstating Mother as the primary residential parent and remand the issue for an evidentiary hearing. We otherwise deny relief as to the remainder of that ruling.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama