NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CARLA ALEJANDRA SAVOCA, *Petitioner/Appellee,*

*v.*

MARIO JOSEPH SAVOCA, *Respondent/Appellant.*

No. 1 CA-CV 18-0366 FC
FILED 2-19-2019

Appeal from the Superior Court in Maricopa County
No. FC2017-053336
The Honorable Richard F. Albrecht, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Schill Law Group, Scottsdale
By Melanie G. Gable
*Counsel for Petitioner/Appellee*

Modern Law, PLLC, Mesa
By Kylie Bigelow
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Jon W. Thompson and Vice Chief Judge Peter B. Swann joined.

---

**M O R S E**, Judge:

¶1        Mario Joseph Savoca ("Father") appeals the superior court's May 21, 2018 amended order of protection. For the following reasons, we affirm, in part, and vacate, in part, the superior court's decision affirming the order of protection and remand for proceedings consistent with this decision.

### FACTS AND PROCEDURAL BACKGROUND

¶2        In June 2017, Carla Savoca ("Mother") sought an order of protection against Father based on disputes that occurred on November 7, 2016, and June 12, 2017, involving Father, Mother, and the couple's minor child ("Child"). The court issued an order of protection on June 13, 2017, for Mother, Child, and Mother's parents. The Department of Child Safety ("DCS") and the Phoenix Police Department questioned Father about Mother's allegations, and Father admitted to DCS that the allegations regarding the June 2017 incident were true. In August 2017, Mother filed another petition for an order of protection based on a dispute on July 9, 2017, and the court amended the order of protection in August 2017. The order of protection provided that Father "shall have no contact with [Child], except through attorneys, legal process, court hearings."

¶3        At Father's request, the court held a hearing in May 2018. At the end of the hearing, Father asked the court to address the factors contained in Arizona Rule of Protective Order Procedure ("Rule") 35(b). The court acknowledged that Rule 35(b) provides for consideration of two factors, which it summarized as whether Father was "likely to cause physical injury" or whether "there was domestic violence committed towards the child." The court then concluded that there was domestic violence committed toward Child on June 12, 2017, and it sustained the order of protection with respect to Mother and Child but modified the order to remove Mother's parents.

**¶4** Father timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(5)(b).

## DISCUSSION

**¶5** Father argues the superior court erred because it failed to consider the Rule 35(b) factors at the initial hearing and the evidentiary hearing. We agree the court erred in applying the Rule 35(b) factors.

## I. Standard of Review

**¶6** We review an order of protection for an abuse of discretion. *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014). "A trial court abuses its discretion when it makes an error of law in reaching a discretionary conclusion or when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Id.* (quotation marks omitted). We review the interpretation of rules de novo. *Gonzalez v. Nguyen*, 243 Ariz. 531, 533, ¶ 8 (2018).

## II. The Superior Court Erred by Misstating the Rule 35(b) Factors.

**¶7** "Parents possess a fundamental liberty interest in the care, custody, and management of their children," *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005). Orders of protection that interfere with the parental relationship must comport with due process of law. *Savord*, 235 Ariz. at 259-60, ¶ 16. Rule 35(b) provides that, "[b]efore granting a protective order prohibiting contact with a child with whom the defendant has a legal relationship," the court must consider: (1) "whether the child may be harmed if the defendant is permitted to maintain contact with the child," and (2) "whether the child may be endangered if there is contact outside the presence of the plaintiff."

**¶8** Mother asserts that Rule 35(b) is inapplicable in this case because no family law case was pending. We disagree. Rule 35(b) does not provide that it is inapplicable outside of the context of a separate action under A.R.S. Title 25. Instead, Rule 35(a) states that certain Title 25 issues (e.g., maternity, paternity, child support, and parenting time) cannot be addressed in a protective order, and Rule 35(b) then provides that the court must consider the two factors "[b]efore granting a protective order prohibiting contact with a child with whom the defendant has a legal relationship." Mother refers to Rule 34 to argue that a family law case must be pending, but Rule 34 only addresses the superior court's jurisdiction in protective order proceedings. *See* Ariz. R. Prot. Order P. 34 (providing the

superior court has exclusive jurisdiction when a family law action is pending). Because Father had a "legal relationship" with the child, the superior court was required to consider the Rule 35(b) factors in this case.

**¶9** When asked to consider the Rule 35(b) factors, the court summarized the factors as whether Father was "likely to cause physical injury" or whether "there was domestic violence towards the child." Because the court sustained the order on the ground that there had been "domestic violence towards the child," it never addressed whether Father was "likely to cause physical injury" to the child.

**¶10** Presumably, the superior court was referring to Rule 5(b)(1), which provides that a defendant's child cannot be included in a protective order unless "(A) physical harm may result or has resulted to the child, or (B) the alleged acts of domestic violence involved the child." Rule 35(b), however, provides additional requirements before a protective order may prohibit contact between a child and defendant with whom the child has a legal relationship. In those cases, Rule 35(b) requires that the court determine "whether the child may be harmed if the defendant is permitted to maintain contact with the child" *and* "whether the child may be endangered if there is contact outside the presence of the plaintiff." Because the court affirmed the order based on whether there was domestic violence towards Child, and did not consider the two factors included in Rule 35(b), the court erred.

**¶11** We must also consider whether the superior court's error is harmless. *Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, 94, ¶ 22 (App. 2005). "Unless justice requires otherwise, an error . . . by the court . . . is not grounds for . . . vacating, modifying, or otherwise disturbing a judgment or order." Ariz. R. Civ. P. 61; *see* Ariz. R. Prot. Order P. 2 (stating that to the extent not inconsistent with the Rules, the Arizona Rules of Civil Procedure apply to all protective order matters that are not heard in conjunction with pending family law cases). Certainly, the domestic violence incident is extremely troubling, and might well be enough to sustain the order of protection. However, because the superior court expressly declined to consider the factors under Rule 35(b), we cannot determine whether the error is harmless. *See Hart v. Hart*, 220 Ariz. 183, 188, ¶ 19 (App. 2009). In *Hart*, the superior court considered the child's best interests, but it failed to consider whether the child's physical health or emotional development would be harmed in the absence of supervised parenting time as required pursuant to A.R.S. § 25-410(B). *Id.* The court found that "[b]ecause the wrong standard was applied," it was necessary to "remand for application of the proper standard to the facts here." *Id.*

**¶12** Thus, we conclude the superior court's failure to consider the correct Rule 35(b) factors was reversible error. *See id.*

### III. Attorneys' Fees and Costs on Appeal

**¶13** Father requests his attorneys' fees and costs on appeal pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 21(a). Father, however, does not state a substantive statutory basis for fees. *See* ARCAP 21(a)(2) (stating this Court may decline to award fees if a party fails to "specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees"). Mother also requests her attorneys' fees and costs on appeal pursuant to ARCAP 21 and A.R.S. § 25-324 (mandating an award of costs and attorneys' fees if the petition for dissolution of marriage was not filed in good faith, was not grounded in fact or based in law, or was filed for an improper purpose). In the exercise of our discretion, we decline to award fees to either party. We award costs on appeal to Father upon his compliance with ARCAP 21.

### CONCLUSION

**¶14** For the foregoing reasons, we affirm the superior court's May 21, 2018, order sustaining the order of protection as to Mother, vacate the order sustaining the order of protection as to Child, and remand to allow the superior court to consider the proper Rule 35(b) factors.[1]



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[1] We also note that a family court case involving the parties is now pending. Although not directly implicated in this appeal, the options and considerations under A.R.S. § 25-403.03 will have "primacy" on remand. *Courtney v. Foster ex rel. Cty. of Maricopa*, 235 Ariz. 613, 616, ¶ 11 (App. 2014). If superior court applies the factors under Rule 35(b) and determines that an absolute prohibition on contact is inappropriate, then it has broad "inherent authority" to modify a protective order and adopt appropriate conditions to protect Child and Mother. *Id.* at ¶¶ 10-12.