NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

RACHAEL ARAGON, *Petitioner/Appellee*,

*v.*

JESSE EULATE, *Respondent/Appellant*.

No. 1 CA-CV 18-0742 FC
FILED 10-1-2019

Appeal from the Superior Court in Maricopa County
No. FC2018-007444
The Honorable Margaret Benny, Judge *Pro Tempore*

**VACATED**

COUNSEL

Jesse Eulate, Gilbert
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Diane M. Johnsen joined.

---

**J O N E S**, Judge:

¶1        Jesse Eulate (Father) appeals from the trial court's order upholding an order of protection that limits his contact with his minor daughter (Child).  For the following reasons, we vacate the order.

### FACTS AND PROCEDURAL HISTORY

¶2        In October 2018, Rachel Aragon (Mother) petitioned the trial court for an order of protection against Father, alleging he was physically harming Child and threatening not to return her following his court-ordered parenting time.  At the time, a separate domestic relations matter was pending before the family court.  After a contested hearing, the trial court found that Father "had committed an act of domestic violence against [Mother] within the last year or may commit an act of domestic violence in the future."[1]  The court entered an order of protection "pertain[ing] to the child only" that limited Father's contact with Child to prescheduled telephone calls.  Father timely appealed the final order, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] -2101(A)(5)(b), and Arizona Rule of Protective Order Procedure 42.

### DISCUSSION

¶3        Father first argues he was not properly served with notice of the hearing and did not have an adequate opportunity to prepare for it.

---

[1]        Father asks this Court to take judicial notice of contrary findings entered by the family court in April 2019.  Those findings, made by a different judicial officer six months after the protective order entered, do not provide a basis for reversal.  *See Vera v. Rogers*, 246 Ariz. 30, 35-36, ¶¶ 20-22 (App. 2018).  Accordingly, we deny the request.

[2]        Absent material changes from the relevant date, we cite the current version of rules and statutes.

However, "[t]here is no statutory requirement for personal service of the hearing notice." Ariz. R. Protective Order P. 38(c). Moreover, having personally appeared at the hearing and participated without objection, Father waived these claims of error. *See Shah v. Vakharwala*, 244 Ariz. 201, 203, ¶ 8 (App. 2018) (citations omitted); *Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 18 (App. 2012) (citing *Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000)).

**¶4**            Father next argues the trial court erred by designating Child a person protected by the order. "We review a protective order for an abuse of discretion." *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014) (citing *Cardoso*, 230 Ariz. at 619, ¶¶ 15-16). "An abuse of discretion occurs when the court commits an error of law that underlies its exercise of discretion." *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590, ¶ 8 (App. 2018) (citing *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005)).

**¶5**            Pursuant to Arizona Rule of Protective Order Procedure 5(b)(1), "[a] judicial officer cannot include a defendant's child in a protective order unless there is reasonable cause to believe . . . physical harm may result or has resulted to the child, or . . . the alleged acts of domestic violence involved the child." "A separate reasonable cause determination must be made as to . . . any child with whom the defendant has a legal relationship." Ariz. R. Protective Order P. 23(e)(2). Additionally:

> Before granting a protective order prohibiting contact with a child with whom the defendant has a legal relationship, the judicial officer must consider:
>
> (1) whether the child may be harmed if the defendant is permitted to maintain contact with the child; and
>
> (2) whether the child may be endangered if there is contact outside the presence of the plaintiff.

Ariz. R. Protective Order P. 35(b). Where, as here, a domestic relations case involving the parties is already pending, the court that finds a parent has committed an act of domestic violence "should refer to the options in A.R.S. § 25-403.03(F)" when determining the bounds of the protective order. Ariz. R. Protective Order P. 35(b) cmt.; *see also Courtney v. Foster ex rel. Cty. of Maricopa*, 235 Ariz. 613, 616, ¶ 11 (App. 2014) (recognizing "the primacy of [A.R.S.] § 25-403.03(F) in parenting time decisions"). These options include ordering parenting time be supervised, requiring the offending parent to post a bond for the child's safe return, restricting the offending parent's alcohol or controlled substance use during parenting time, and

3

"[i]mpos[ing] any other condition that the court determines is necessary to protect the child." A.R.S. § 25-403.03(F).

¶6 "Although we presume that the trial court knows the law and applies the correct standard, that presumption may be rebutted by the record." *Hart v. Hart*, 220 Ariz. 183, 188, ¶ 18 (App. 2009) (citing *Fuentes v. Fuentes*, 209 Ariz. 51, 58, ¶ 32 (App. 2004); *Frederickson v. McIntyre*, 52 Ariz. 61, 64 (1938); and *Brewer v. Peterson*, 9 Ariz. App. 455, 458 (1969)). Here, the trial court found only that Father had committed or was likely to commit an act of domestic violence against *Mother*. The trial court did not find an act of domestic violence against *Child*, did not make a separate determination that reasonable cause existed to believe *Child* was at risk, and did not make any findings indicating it considered the effect of Father's behavior on *Child* before limiting his contact with her. Nor is there any indication that the court referred to the options set forth in A.R.S. § 25-403.03(F).

¶7 Given the fundamental right to parent at stake here, *see Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005) (citing *Santosky v. Kramer*, 455 U.S. 745, 753 (1982), and *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶ 11 (2000)), Father presents a debatable issue regarding whether the trial court complied with due process, protective order procedure, and Arizona statutes, *see Savord*, 235 Ariz. at 259-60, ¶ 16 (confirming that due process protections apply to protective order proceedings). Under these circumstances, we consider Mother's failure to file an answering brief as a confession of reversible error. *See Adkins v. Adkins*, 39 Ariz. 530, 532 (1932) ("[A] failure to file an answering brief is equivalent to a confession of error by the appellee, and . . . when on examination of the record it appears a debatable question is raised by the appellant and no reasonable cause is shown for appellee's failure to file a brief, we will reverse the case.") (collecting cases); ARCAP 15(a)(2) ("If the appellee does not timely file an answering brief, the appellate court may deem the appeal submitted for decision based on the opening brief and the record."). Accordingly, we find the trial court abused its discretion when it entered an order of protection limiting contact between Father and Child without making a separate reasonable cause determination, considering the factors identified within Arizona Rule of Protective Order Procedure 35(b), or referring to the less restrictive options detailed in A.R.S. § 25-403.03(F).

## CONCLUSION

¶8        The order of protection is vacated.



AMY M. WOOD • Clerk of the Court
FILED:   AA