IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ASHLEY RENAE PHILLIPS, *Petitioner*,

*v.*

THE HONORABLE ARYEH SCHWARTZ,
Judge of the SUPERIOR COURT OF THE STATE OF ARIZONA,
in and for the County of MARICOPA, *Respondent Judge,*

JARROD LEWIS PHILLIPS, *Real Party in Interest.*

No. 1 CA-SA 23-0023
FILED 5-25-2023

---

Petition for Special Action from the Superior Court in Maricopa County
No. FC2022-052081
The Honorable Aryeh D. Schwartz, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

State 48 Law Firm, Scottsdale
By Robert Hendricks, Samantha Brown, Stephen Vincent
*Counsel for Petitioner*

Goldman Law LLC, Phoenix
By Lundyn J. Garrett
*Counsel for Real Party in Interest*

---

**OPINION**

---

Judge Michael J. Brown delivered the opinion of the Court, in which Presiding Judge Paul J. McMurdie and Judge Michael S. Catlett joined.

---

**B R O W N**, Judge:

¶1 In Arizona, a couple desiring a covenant marriage must comply with specific statutory requirements when entering the marriage, A.R.S. § 25-901 (declaration and filing requirements), or when seeking dissolution, A.R.S. § 25-903(1)–(8) (grounds for dissolution include adultery, commission of a felony, abandonment, abuse, domestic violence, substance abuse, or living separately for at least two years). If a party filing for dissolution of a covenant marriage alleges the two-year ground but the couple has not yet satisfied that condition, the superior court must stay the action but can still enter temporary orders. *See* A.R.S. § 25-903(5).

¶2 In this dispute, Ashley Phillips ("Mother") seeks special action review of the superior court's temporary orders and related rulings in her dissolution of a covenant marriage proceeding. Because the court exceeded its authority by staying the proceeding until the parties have satisfied the two-year separation requirement, when Mother had not alleged the two-year ground, we vacate the stay order to allow the parties to proceed with litigating the merits of the grounds alleged in Mother's petition for dissolution.

**BACKGROUND**

¶3 In 2005, Mother and Jarrod Phillips ("Father") entered a covenant marriage under § 25-901. They are the parents of four minor children. In August 2022, Mother petitioned for dissolution, alleging Father had been emotionally and physically abusive toward her and the children, and he "consistently abused alcohol" during the marriage. Mother sought sole legal decision-making authority, with supervised parenting time for Father, and asked that all marital assets and obligations be divided equitably.

¶4 Mother then requested temporary orders to address legal decision-making, parenting time, child support, and exclusive use of the marital residence. In October 2022, after hearing testimony from both

2

parents and admitting exhibits, the court issued temporary orders, awarding joint legal decision-making and allocating equal parenting time based on a "graduated" schedule. The court also confirmed the parties' stipulation that Mother be awarded temporary exclusive use of the marital residence.

¶5 Addressing Mother's allegations, the court acknowledged there was evidence of a tumultuous marriage but found that she had exaggerated, or perhaps misrepresented, some facts. The court determined there was insufficient "evidence of physical, verbal, mental, or emotional abuse, domestic violence, substance abuse, or parental fitness issues" and concluded that none of the circumstances in § 25-903 existed. *See* A.R.S. § 25-903(1)–(8) (listing the eight grounds that justify dissolving a covenant marriage). The court acknowledged, however, that the evidence might not yet have been "fully developed." Nonetheless, the court stayed the proceedings under § 25-903(5), the two-year ground, reasoning that because it found no other grounds had been proven, the case could only proceed under this ground, and that a stay was required because the requisite time had not passed.

¶6 Mother filed motions to set a resolution management conference and amend her petition. Although it was substantially similar to the original, the amended petition she sought to file clarified that Mother was alleging (1) Father "committed domestic violence as defined in section 13-3601 or emotional abuse," (2) his acts of domestic violence varied from physical assault to harassment, (3) under § 25-903(7), he habitually abused substances including alcohol, and (4) his mental health revealed significant concerns. The court denied both motions, noting the case had been stayed. The court also reasoned that Mother's motions suggested she was trying to circumvent § 25-903(5) by moving forward with the case "despite the two-year stay."

¶7 After Mother petitioned for special action, we issued an order accepting jurisdiction because temporary orders are not appealable, and the case raises issues of first impression and statewide importance involving purely legal questions. *See Courtney v. Foster ex rel. Cnty. of Maricopa*, 235 Ariz. 613, 615, ¶ 4 (App. 2014). We also directed the parties to focus their remaining briefing on several issues centered around whether the court erred in deciding the merits of the grounds for dissolution alleged in Mother's petition and staying the case under § 25-903(5) as part of a temporary orders hearing.

**DISCUSSION**

¶8        Mother argues the superior court erred in issuing a stay under § 25-903(5) and in denying her the opportunity to litigate her case, including participation in disclosure and discovery.   We review de novo the application and interpretation of statutes.  *Hustrulid v. Stakebake*, 253 Ariz. 569, 574, ¶ 12 (App. 2022).   "Our task in statutory construction is to effectuate the text if it is clear and unambiguous."  *BSI Holdings, LLC v. Ariz. Dep't of Transp.*, 244 Ariz. 17, 19, ¶ 9 (2018).   "We seek to harmonize and attain consistency among related statutory provisions in the context of the overall statutory scheme."  *Gutierrez v. Fox*, 242 Ariz. 259, 267, ¶ 28 (App. 2017).

¶9        A covenant marriage cannot be dissolved unless a court finds at least one of eight statutory grounds for dissolution.  A.R.S. § 25-903.  The ground at issue here, § 25-903(5), provides as follows:

> The spouses have been living separate and apart continuously without reconciliation for at least two years before the petitioner filed for dissolution of marriage.  *A party may file a petition based on this ground by alleging that it is expected that the parties will be living separate and apart for the required period.*  If the parties have not been separated for the required period at the time of the filing of the petition, the action shall not be dismissed for failure to state sufficient grounds and the action shall be stayed for the period of time remaining to meet the grounds based on separation, except that the court may enter and enforce temporary orders pursuant to § 25-315 during the time that the action is pending.

(Emphasis added.)

¶10        A party seeking dissolution of a covenant marriage must include, in a verified petition, "any of the grounds prescribed in § 25-903." A.R.S. § 25-314(A).  Also, § 25-903(5) unambiguously provides that "[a] party may file a petition" alleging that ground.  Mother alleged several grounds for dissolution, but she did not allege § 25-903(5), implicitly indicating that ground was not applicable or appropriate for her petition. Nor did Mother include any reference to § 25-903(5) or a stay in her request for temporary orders.   Instead, the issues she raised were legal decision-making, parenting time, child support, and the use of the marital residence.  Because Mother did not seek dissolution under § 25-903(5), the superior court erred when it found that none of the circumstances in

§ 25-903(1)–(8) existed and then issued a stay based on § 25-903(5) even though Mother had not alleged that ground in her petition.

¶11        Father argues the court did not err because it analyzed Mother's evidence and concluded she failed to meet her burden for grounds (1)–(4) and (6)–(8), leaving ground (5) as the only option to continue the proceeding.  His argument fails because nothing in § 25-903(5) or in the related statutes suggests a court may consider that ground, or any other ground, when it is not alleged in a petition for dissolution of a covenant marriage.  *See Fenn v. Fenn*, 174 Ariz. 84, 87 (App. 1993) ("Every power that the superior court exercises in a dissolution proceeding must find its source in the supporting statutory framework.").

¶12        The court's decision to stay all proceedings in this dissolution also conflicts with the limited scope and purpose of temporary orders.  *See Gutierrez*, 242 Ariz. at 268, ¶ 34 (holding that temporary orders are of a transitory nature and courts are not required to make specific findings); *see also* A.R.S. § 25-316(D)(1) (stating that temporary orders do not prejudice the rights of the parties that are to be adjudicated at later hearings); *Smith v. Smith*, No. 1 CA-CV 20-0159, 2021 WL 1759207, at *4, ¶ 19, n.1 (Ariz. App. May 4, 2021) (mem. decision) (explaining that "temporary orders are based on a truncated hearing with little opportunity for discovery" while "final orders are generally entered after an evidentiary hearing after the completion of discovery").

¶13        Topics appropriate for temporary order hearings are outlined in § 25-316(A) and include interim orders for child support, legal decision-making, parenting time, use and possession of marital property or home, spousal maintenance, and attorneys' fees, and "[o]ther relief deemed necessary pending final resolution of the issues of the parties."  Because the scope of temporary orders hearings is narrow, nothing mandates that a party have evidence ready to prove all grounds alleged in the petition for dissolution, and certainly not with finality.  *See* A.R.S. § 25-316(D)(2), (4) (temporary orders may be revoked or modified, and they terminate when the final decree is entered or when a petition is dismissed).  And it is the parties, rather than the court, that determine the scope of the matters to be decided at the temporary orders stage based on the relief the parties are seeking through their pleadings and motions.  *See* A.R.S. § 25-316(A) ("[E]ither party may move for temporary orders.").  Here, neither party sought relief in the form of a final ruling on the grounds for dissolution alleged in Mother's petition, and Mother did not seek a stay under § 25-903(5).

¶14  Father also argues that Mother is not entitled to another hearing to prove the grounds in her petition because the temporary orders hearing encompassed both § 25-403 (legal decision-making) and § 25-903 (grounds for dissolution). Given that Mother's allegations arose from the same facts, Father contends the temporary orders hearing gave her an adequate opportunity to prove her allegations. He notes that Mother had the chance to present testimony and evidence and conduct cross-examination. He also asserts the court did not err in denying Mother's motion to amend because it did not contain any new factual allegations. Father's position fails to acknowledge the truncated procedure for temporary orders, which may often involve presentation of limited evidence at relatively brief hearings that occur before the parties have been able to engage in meaningful discovery. *Supra*, ¶ 13. Thus, a party seeking dissolution of a covenant marriage has the right to prove the existence of the grounds listed in § 25-903 outside the narrow constraints of a temporary orders hearing.

¶15  While § 25-903 details the grounds for the dissolution of a covenant marriage, § 25-905 allows a party to petition for temporary orders at any time throughout the proceedings. Although § 25-903 states that "the court shall not enter a decree of dissolution" unless it finds at least one of the grounds in subsections (1)–(8) is proven, there is no requirement that the court must decide whether any of those grounds alleged in a petition have been proven at the *outset* of a proceeding. And because a finding on at least one ground is necessary for a final decree, the parties are entitled to engage in the litigation process, including disclosure and discovery, before a final determination. We see no reason, and Father offers none, why a covenant marriage should be treated differently than a non-covenant marriage in allowing the parties to litigate their disputes under applicable procedural rules. *See* Ariz. R. Fam. Law P. 1(a) ("These rules govern procedures in family law cases and all matters arising under Title 25 of the Arizona Revised Statutes.").

¶16  Because Mother had not alleged that she was seeking dissolution of her covenant marriage under subsection (5) in her petition for dissolution, the court erred by issuing a stay. The court also erred in attempting to resolve the grounds for dissolution through a temporary order and by denying Mother's motion to amend. Accordingly, Mother has the right to prove the grounds alleged in her amended petition by engaging in the dissolution process outlined under the pertinent statutes and rules.

**CONCLUSION**

**¶17** We vacate the superior court's order imposing a stay of the dissolution proceeding under § 25-903(5) and the portions of the court's temporary orders rejecting Mother's alleged grounds for dissolution. We deny Father's request for attorneys' fees because he cites no supporting substantive authority. *See Zambrano v. M & RC II LLC*, 254 Ariz. 53, 66, ¶ 49 (2022) (denying fee request for failure "to state the basis for the request" under ARCAP 21(a)(2)).



AMY M. WOOD • Clerk of the Court
FILED:     AA