IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

SALVADOR VERA, *Petitioner,*

*v.*

THE HONORABLE JOSHUA ROGERS, Judge, and THE HONORABLE
MARAGARET BENNY, Judge *Pro Tempore*, of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judges,*

ARACELI CHAIDEZ, *Real Party in Interest.*

No. 1 CA-SA 18-0229
FILED 12-4-2018

---

Petition for Special Action from the Superior Court in Maricopa County
No. FC2018-091238
No. FC2018-092621
The Honorable Joshua D. Rogers, Judge
The Honorable Margaret Benny, Judge *Pro Tempore*

**JURISDICTION ACCEPTED; RELIEF DENIED**

---

COUNSEL

Stewart Law Group, Phoenix
By Dianne Sullivan
*Counsel for Petitioner*

MY AZ LAWYERS, Phoenix
By Alison Briggs
*Counsel for Real Party in Interest*

---

**OPINION**

Judge Paul J. McMurdie delivered the opinion of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

¶1        Salvador Vera ("Father") seeks special action review of two conflicting orders issued by different judicial officers of the superior court. The first is a temporary order related to Father's petition for legal decision-making, parenting time, and child support, which granted Father temporary parenting time of his two children. The second order affirmed an active order of protection barring Father from any contact with the children's mother, Araceli Chaidez ("Mother"), and the children. We accept special action jurisdiction and hold that although the superior court may act to harmonize parenting-time and protective orders, its authority to do so is limited once a coordinate member of that same court affirms the protective order following an evidentiary hearing.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Father and Mother are the biological parents of two minor children. In April 2018, Mother obtained an *ex parte* order of protection in the Phoenix Municipal Court prohibiting Father from having any contact with Mother. The children were also designated as protected persons under the order of protection. Mother, without informing Father, then moved out of Arizona with the children, allegedly to escape the domestic violence that gave rise to the need for the order of protection.

¶3        Before Father realized Mother and the children had left the state, Father petitioned to establish legal decision-making authority, parenting time, and child support in the superior court ("the family case"). After learning Mother and the children had left Arizona, Father petitioned the court to issue a series of emergency *ex parte* temporary orders awarding Father sole legal decision-making authority over the children and requiring Mother to immediately return them to Arizona. The court denied Father's request to issue the orders *ex parte* but scheduled a temporary-orders hearing.

2

¶4 Between the time of the filing of Father's petition for temporary orders and the temporary-orders hearing, Father was served with the order of protection. On Father's motion, the municipal court, pursuant to Arizona Revised Statutes ("A.R.S.") section 12-3602(P), ordered the order-of-protection case to be transferred to the superior court "for consolidation under Case No. FC2018-091238 for all further proceedings." Once the transfer was effectuated, however, the superior court, pursuant to its obligations under Arizona Supreme Court Rule 123 and the Federal Violence Against Women Act, assigned the order of protection case a new cause number—FC2018-092621.

¶5 In the family case, the superior court held the temporary orders hearing as scheduled. Before the hearing, Father filed a pretrial statement notifying the court that the order of protection had been transferred to the superior court. At the hearing, the court heard testimony and took evidence concerning Father and Mother's relationship, their relationship with the children, the allegations of domestic violence by Father, and the order of protection. The court took the matter under advisement and subsequently issued temporary orders. The court awarded Mother sole legal decision-making authority regarding the children, but ordered that Father have regular access to the children, including daily remote communication and in-person parenting time on school holidays and breaks. But the court made no mention of the still-active order of protection prohibiting Father from any contact with Mother or the children.

¶6 Both Mother and Father immediately challenged the temporary orders as conflicting with the order of protection. Mother requested the court reconsider the parenting time aspects of its order given the order of protection, and Father requested the court amend the order of protection to implement the temporary order concerning parenting time. The court denied both requests by minute entry, mistakenly noting the order of protection had not been transferred to the superior court under a new cause number.[1] The court concluded that "[o]nce an Order of

---

[1] At the time the new cause number was assigned to the order-of-protection case, a case note was added to the digital files for both cases which stated that the order of protection had been transferred to a new cause number and that the new case was connected to the family case. We have taken judicial notice of this case note, located in the records of the superior court. *See State v. Valenzuela*, 109 Ariz. 109, 110 (1973) (court may take judicial notice of related superior court records).

Protection is properly transferred to the Superior Court, a hearing may be properly requested and will take place accordingly."

¶7            Father then requested a hearing on the order of protection. At the order-of-protection hearing before a different judicial officer, Mother, Father, and the court discussed the conflict between the order of protection and the temporary orders issued by the court in the family case. The judge handling the order of protection interpreted the minute entry in the family case denying reconsideration of the temporary orders as placing priority on the active order of protection. The court determined that the parenting-time order would become effective only if the court modified the order of protection or removed the children from that order. Based on this interpretation, the court found that it could go forward with the hearing. Father did not object to proceeding in the manner outlined by the court.

¶8            After hearing testimony and taking evidence on the domestic abuse allegations raised by Mother against Father, the court affirmed the order of protection in its entirety. The court found Mother had met her burden of proving the domestic abuse allegations by a preponderance of the evidence, and that the involvement of the children in the incidents justified their inclusion on the order of protection. Father then filed this special action seeking an order directing the court in the family case to amend the order of protection to effectuate its temporary parenting-time order.

## SPECIAL ACTION JURISDICTION

¶9            "Special action jurisdiction is discretionary, but appropriate, when there is no equally plain, speedy, and adequate remedy by appeal." *Courtney v. Foster ex rel. County of Maricopa*, 235 Ariz. 613, 615, ¶ 4 (App. 2014) (citing Ariz. R.P. Spec. Act. 1(a)). Because temporary orders issued pursuant to A.R.S. § 25-404 are not appealable, they are well-suited for special action review. *Gutierrez v. Fox*, 242 Ariz. 259, 264, ¶ 12 (App. 2017). Moreover, special action jurisdiction is appropriate when "a petition 'presents a purely legal issue of first impression that is of statewide importance.'" *Id.* at 264, ¶ 13 (quoting *Escalanti v. Superior Court ex rel. County of Maricopa*, 165 Ariz. 385, 386 (App. 1990)).

¶10          The petition for special action in this case raises an issue of first impression concerning the interplay between the procedural rules and statutes governing protective orders and family law proceedings. Thus, in the exercise of our discretion, we accept special action jurisdiction pursuant to Arizona Rule of Procedure for Special Actions 1(a).

**DISCUSSION**

### A. The Superior Court Has the Authority to Hold a Joint Hearing Regarding Temporary Parenting-Time and Protective Orders.

**¶11** We begin by clarifying how the statutes and procedural rules address the interrelationship between temporary parenting-time orders and active orders of protection. We review the interpretation of statutes and court rules *de novo*. *Premier Physicians Grp., PLLC v. Navarro*, 240 Ariz. 193, 194, ¶ 6 (2016) (statutes); *State v. Fitzgerald*, 232 Ariz. 208, 210, ¶ 10 (2013) (court rules). "We interpret statutes and rules in accordance with the intent of the drafters, and we look to the plain language of the statute or rule as the best indicator of that intent." *Fragoso v. Fell*, 210 Ariz. 427, 430, ¶ 7 (App. 2005). "If the language is clear and unambiguous, it is the best and most reliable index of the meaning of the rule or statute." *Courtney*, 235 Ariz. at 615, ¶ 6. "However, we must construe related statutes and rules in conjunction with each other and harmonize them whenever possible." *Fitzgerald v. Myers*, 243 Ariz. 84, 96, ¶ 39 (2017).

**¶12** A parent may petition to determine legal decision-making and parenting time "in any proceeding for marital dissolution, legal separation, annulment, paternity or maternity, or modification of an earlier decree or judgment." A.R.S. § 25-402(B)(1). Once a legal decision-making or parenting time proceeding is initiated, the court may, on motion by a party, issue temporary orders awarding parenting time. A.R.S. § 25-404(A); Ariz. R. Fam. Law. P. ("Family Rule") 47.[2] When issuing a temporary parenting-time order, the court must consider "all factors that are relevant to the child's physical and emotional well-being," including whether conditions should be placed on parenting time if a parent has committed an act of domestic violence. A.R.S. § 25-403(A)(8); *see also* A.R.S. § 25-403.03(F) (listing examples of conditions the superior court may place on parenting time).

---

[2] The Arizona Supreme Court has recently adopted new rules abrogating and replacing the Rules of Family Law Procedure almost in their entirety, effective January 1, 2019. *See* Order Amending the Arizona Rules of Family Law Procedure and Rule 9, Arizona Rules of Civil Appellate Procedure, Arizona Court Order 0023 (adopted August 30, 2018). We refer to these new rules as the "2019 Rules of Family Law Procedure," and will note any changes that substantially modify the current rules discussed in this opinion.

**¶13**        The superior court has exclusive jurisdiction to issue orders of protection when a family law action is pending. A.R.S. § 13-3602(P); *see also* Ariz. R. Protect. Ord. P. 34(a). A.R.S. § 13-3602(P) provides that an order of protection issued in a municipal or justice court must be promptly transferred to the superior court when a family law action is pending between the parties. *See also* Ariz. R. Protect. Ord. P. 34(c). Upon transfer, the court is authorized to "proceed as though the petition for an order of protection had been originally brought in the superior court." A.R.S. § 13-3602(P).

**¶14**        When a parent's request for temporary parenting time conflicts with an active order of protection transferred to the superior court, the Family Rules[3] recognize the court's concurrent authority over both actions by permitting it to consider them together in a joint hearing. Family Rule 5(A) provides:

> When actions within the scope of these rules involving a common child, common parties, or a common question of law or fact, are pending before the court, the court *may* order a joint hearing . . . of any or all the matters in issue in the actions . . . and the court may make such orders concerning proceedings therein to avoid unnecessary costs or delay or to serve in the best interest of a minor child.

(Emphasis added.[4]) A joint hearing to consider both actions is especially appropriate in a case such as this. Requests for temporary parenting time and orders of protection that bar contact with a parent's child necessarily involve a common child and will typically concern common questions of law or fact. By resolving the issues raised by both actions in a joint hearing, the court may ensure that conflicts do not arise between the order of

---

[3]        To the extent they do not conflict, the Arizona Rules of Protective Order Procedure explicitly incorporate the Arizona Rules of Family Law Procedure. Ariz. R. Protect. Ord. P. 2.

[4]        To eliminate any confusion regarding whether a court may hold a joint hearing on an order of protection and parenting time, the 2019 Family Rules explicitly recognize the court's authority to hold such a hearing. 2019 Rule of Family Law Procedure 5(a)(4) ("The court may not consolidate a case involving an order of protection with a family case but may conduct a joint hearing.").

protection and the parenting-time order and avoid forcing the alleged victim of domestic abuse to testify multiple times.

¶15 Thus, if at the end of a joint hearing a court finds both that (1) the requesting parent is entitled to immediate, temporary parenting time and (2) the protective order should not remain in effect as originally issued, it may harmonize the temporary parenting-time order and the order of protection. Ariz. R. Fam. Law. P. 5(A) ("[T]he court may make such orders . . . to serve in the best interest of a minor child."). In doing so, a court may fashion an appropriate solution from the range of statutory and procedural options available to it, including amending the order of protection to remove any child listed as a protected person. *See, e.g.*, A.R.S. § 25-403.03(F) (listing conditions that may be placed on parenting time when the court finds a parent has committed an act of domestic violence); A.R.S. § 13-3062(G) (listing conditions that may be imposed by an order of protection); Ariz. R. Protect. Ord. P. 35 (modification of an order of protection to permit one parent to contact the other parent to implement legal decision-making and parenting-time orders). But given the priority placed upon protective orders—and the criminal penalties associated with them—the court must ensure that any decision affecting the order of protection will not hinder the "understanding and compliance by the parties and ease of enforcement by law enforcement officers." Ariz. R. Protect. Ord. P. 35(d); *see also* Ariz. R. Protect. Ord. P. 21(c) (protective orders control over conflicting legal decision-making orders); A.R.S. § 13-2810 (criminal penalties for violations of protective orders).

¶16 We note two important caveats to the superior court's authority to amend an order of protection. First, while the superior court has the *discretion* to hold a joint hearing to harmonize parenting-time orders and an order of protection, it is not *obligated* to do so. *See* Ariz. R. Fam. Law. P. 5(A). Second, the court's authority to modify an order of protection only exists pursuant to the statutes and rules controlling protective orders. *See, e.g.*, Ariz. R. Protect. Ord. P. 2 ("To the extent *not inconsistent* with these rules, the Arizona Rules of Family Law Procedure apply to protective order matters heard in conjunction with pending family law cases." (emphasis added)). With this background in mind, we now turn to the issues Father raises.

**B. The Statutes and Rules Governing Orders of Protection Do Not Authorize the Relief Father Seeks in this Case.**

¶17 Father argues the superior court in the family case erred by failing to amend the order of protection to effectuate its parenting-time

orders. Father's argument hinges on his contention that "this Court has already reviewed this issue" in *Courtney*, and the straightforward application of our holding in that case authorizes us to order the superior court to amend the order of protection. We disagree.

**¶18** In *Courtney,* the superior court denied a mother's request for temporary parenting time with her minor child because the court found it could not amend an active order of protection that included the child as a protected person. We accepted special action jurisdiction to determine whether the superior court had the authority to amend an order of protection that had been issued, contested, and affirmed in the municipal court before its transfer to superior court. *Courtney*, 235 Ariz. at 615, ¶¶ 2–3, 5–6. After examining the applicable rules and statutes governing protective orders and temporary parenting-time orders, we concluded the superior court had the authority "to modify the protective order if the court is satisfied that parenting time would not endanger the child or significantly impair the child's emotional development." *Id.* at 616, ¶ 11; *accord Michael M. v. Arizona Dept. of Economic Sec.*, 217 Ariz. 230, 233, ¶ 14 (App. 2007) ("[J]uvenile court has authority under § 8–202(F) to issue orders that take precedence over a pre-existing municipal court order of protection and therefore supersede it.").

**¶19** Here—and critically distinct from the circumstances at issue in *Courtney*—a superior court judicial officer, at Father's request, held a hearing on the order of protection and affirmed it in its entirety before Father filed the instant special action. Father's claim for relief thus requires us to determine whether the statutory and procedural scheme described above authorizes the superior court to amend an order of protection that has been affirmed by a coordinate member of the same court.[5] We conclude it does not.

**¶20** The superior court's authority to amend an active order of protection after a contested hearing in the superior court exists only to the extent such action would not conflict with the statutes and procedural rules governing protective orders. *See* Ariz. R. Protect. Ord. P. 2. Pursuant to both A.R.S. § 13-3602(H) and Arizona Rule of Protective Order Procedure

---

[5] The judicial officer hearing the order-of-protection case is a full-time court commissioner but presided over the action as a judge *pro tempore*. As a *pro tempore* judge, she had the same authority as a full-time regularly seated superior court judge. *See* Ariz. Const. art. 6, § 31(B); *State v. White,* 160 Ariz. 24, 32 (1989).

("ARPOP") 38, a party restrained by an order of protection is only entitled to one hearing to contest the order. *Michael M.*, 217 Ariz. at 233, ¶ 12 ("[A.R.S. §] 13–3602 sets forth the proper procedure to contest an order of protection, entitling a party to one hearing and an appeal . . . ."). Once that hearing has been held, an affirmed order of protection may be amended or dismissed only in two ways: (1) by a request of the party protected by the order, Ariz. R. Protect. Ord. P. 40(a),[6] 41(a); or (2) by appeal, Ariz. R. Protect. Ord. P. 42(a)(2), (b). Mother has not requested that the order be amended, and Father did not appeal from the court's final judgment. Therefore, neither remedy is now available to Father.

**¶21**         We note that ARPOP 40(a) specifically limits modification requests to the "plaintiff" for an important reason—to avoid potential harassment from a defendant who might repeatedly seek reconsideration or modification of a protective order. In this case, Father had two options after the court denied his motion to reconsider the inconsistent orders: (1) file a special action petition challenging the court's denial of his motion to reconsider based on the court's erroneous factual premise that it could not harmonize the two orders because the order-of-protection case had not been transferred to the superior court; or (2) ask for a hearing on the order of protection. Father chose the latter option, did not prevail at the hearing, and then sought relief from this court to circumvent the order-of-protection ruling. Under the rules governing protective orders, Father is bound by the strategy he chose. *See State v. West,* 176 Ariz. 432, 447 (1993) (defendant is bound by his counsel's tactical or strategic decisions to waive even constitutional rights), *overruled on other grounds by State v. Rodriguez,* 192 Ariz. 58 (1998); *Bobrow v. Bobrow*, 241 Ariz. 592, 598, ¶ 29 (App. 2017) (a

---

[6]         ARPOP 40 provides:

**(a)**         A plaintiff may ask for modification of a protective order at any time during the term of the order.

                    \*         \*         \*

**(c)**         If a contested hearing has not yet been requested or held, the judicial officer must personally interview the plaintiff and make sufficient inquiry of the plaintiff to determine that the plaintiff is not making the request under duress or coercion.

**(d)**         If a contested hearing has been requested or has occurred, the motion to modify must be set for hearing with notice to the defendant.

party may not sit by and allow error to be committed and, upon receiving an unfavorable judgment, ask for a new trial on that ground).

**¶22** Furthermore, a superior court judicial officer is not to engage in horizontal appellate review of another judicial officer's decision to affirm an order of protection. "[A] superior court judge has no jurisdiction to review or change the judgment of another superior court judge when the judgment has become 'final.'" *Davis v. Davis*, 195 Ariz. 158, 161, ¶ 11 (App. 1999); *see also Bogard v. Cannon & Wendt Elec. Co.*, 221 Ariz. 325, 333, ¶ 26 (App. 2009). "An Order of Protection . . . that is . . . affirmed . . . after a hearing at which both parties had an opportunity to appear" is a final, appealable order. Ariz. R. Protect. Ord. P. 42(a)(2); *see also Mahar v. Acuna*, 230 Ariz. 530, 533, ¶ 11 (App. 2012) (signed order of protection issued after a hearing is a final, appealable order under the Rules of Protective Order Procedure, A.R.S. § 12-2101(A)(1), and A.R.S. § 12-2101(A)(5)(b)). Once the superior court judicial officer presiding over the order-of-protection hearing affirmed the order of protection, Father's sole remedy was to appeal that ruling to this court, which he did not do.

## ATTORNEY'S FEES AND COSTS

**¶23** Father and Mother each request an award of attorney's fees and costs. Because neither cites authority to support the request, neither is entitled to an award of attorney's fees. ARCAP 21(a)(2); *see also* Ariz. R.P. Spec. Act. 4(g) (Arizona Rules of Civil Appellate Procedure apply to the extent not inconsistent with these rules); *Roubos v. Miller*, 214 Ariz. 416, 420, ¶ 21 (2007). However, as the prevailing party, Mother is entitled to her costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶24** For the foregoing reasons, we accept special action jurisdiction, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA