NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MISTY GRAVES, *Petitioner/Appellee*,

*v.*

RONNY SLAWSON, *Respondent/Appellant*.

No. 1 CA-CV 20-0194 FC
FILED 1-14-2021

Appeal from the Superior Court in Maricopa County
No. FC 2020-090219
The Honorable Mervyn Braude, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Lasiter & Jackson PLLC, Phoenix
By Nicole Porter Lasiter
*Counsel for Respondent/Appellant*

Maxwell Law Group, Mesa
By April Maxwell
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge David B. Gass joined.

---

**B R O W N**, Judge:

¶1 Ronny Slawson ("Father") appeals the superior court's decision to grant a petition for order of protection filed by Misty Graves ("Mother"), on behalf of S.S., the parties' 12-year-old daughter. For the following reasons, we affirm the order as to S.S., but vacate the order as to Mother. And after consideration of the parties' supplemental briefs, we vacate the court's order restricting Father's firearm rights.

## BACKGROUND

¶2 Mother's petition, filed in the superior court on January 10, 2020, alleged she was concerned for the immediate physical and mental safety of S.S. because Father "raped" S.S. in late December 2019, during his custodial time. The petition further alleged that similar conduct occurred twice previously, although S.S. could not recall the other dates. Mother also claimed that Tempe police had been notified, S.S. met with a detective, and Father was aware of the accusations. The court granted an ex parte order of protection, ordering that Father have no contact with S.S. or Mother. The order listed several protected locations, including S.S.'s school, Mother's residence and workplace, and the maternal grandparents' residence. After service of the order, Father denied the allegations and requested a hearing.

¶3 At the outset of the evidentiary hearing, Father was served with papers relating to a family law matter, in which Mother was requesting "sole custody" of S.S. The court then heard testimony from S.S., Mother, and Father. S.S. testified that during the recent winter break, Father came into her room, took off her clothes, and had sexual intercourse with her. During Mother's testimony, her counsel sought admission of a police report relating to the incident. Father first responded that he had not received a copy of the report. He then objected to its relevance, but the court overruled his objection and admitted the report. At the close of testimony, the superior court questioned the need for Mother to be included in the order, noting she had not presented any evidence of domestic violence as to herself.

2

¶4        The superior court affirmed the order of protection as amended, explaining in part it was "swayed on the balance of probabilities by the testimony of the child," which necessarily satisfied "the standard of a preponderance of the evidence."  The court removed Mother's workplace and the grandparents' residence from the list of protected locations, but Mother remained in the order as a protected party.  In addition, the court issued a Notice of Brady Indicator ("Brady notice"), 18 U.S.C. § 922(g)(8)(C)(i)–(ii), prohibiting Father from possessing or purchasing firearms or ammunition for the duration of the protective order.  Father timely appealed.  We have jurisdiction under A.R.S. § 12-2101(A)(1), (5)(b).  *See Mahar v. Acuna*, 230 Ariz. 530, 533, ¶ 11 (App. 2012).

## DISCUSSION

¶5        We review the superior court's grant and continuance of an order of protection for an abuse of discretion.  *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014).  "The court abuses its discretion when it makes an error of law in reaching a discretionary conclusion or 'when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision.'"  *Id*. (citation omitted).  We review de novo the application of Arizona and federal law to the evidence presented.  *Mahar*, 230 Ariz. at 534, ¶ 14.

### A.    Scope of the Appeal

¶6        After the superior court affirmed the order of protection, Father properly appealed the order to this court.  *See* Ariz. Rules of Protective Order P. ("ARPOP") 42(a)(2).  Father argues the scope of his appeal should include analysis of how the order impacts the related family law case.  He notes that the judge in the family law case relied in part on the protective order in awarding temporary sole legal decision-making to Mother.  In making this reference, Father deviates from the record on appeal.  Although he includes various documents related to the family law case in the appendix to his opening brief, those items are not part of this appeal and thus we do not consider them.  Similarly, we do not consider the police report included with Mother's appendix, which is not the same report introduced as an exhibit at the evidentiary hearing.  Instead, we focus only on the superior court record in this order of protection case.  *See* ARCAP 11(a) (outlining the composition of the "record on appeal").

¶7        In support of his argument, Father asks us to reject the analysis in *Vera v. Rogers*, 246 Ariz. 30, 33, ¶ 10 (App. 2018), which explained "the interplay between the procedural rules and statutes governing

3

protective orders and family law proceedings." In *Vera*, we held that when a protective order and a request for parenting-time conflict, the superior court may "consider them together in a joint hearing . . . [to] fashion an appropriate solution." *Id*. at 33–34, ¶¶ 14–15; *see* Ariz. R. Fam. Law P. 5(a). However, the court's ability to conduct a joint hearing is limited in three ways. First, the court has discretion to hear the matters together but is not obligated to do so. *Vera*, 246 Ariz. at 34, ¶ 16. Second, a superior court judge cannot "engage in horizontal appellate review" of another superior court judge's decision to affirm a protective order. *Id*. at 36, ¶ 22. An order of protection "affirmed . . . after a hearing at which both parties had an opportunity to appear" is a final, appealable judgment, ARPOP 42(a)(2), and is not reviewable by another superior court judge, *Vera*, 246 Ariz. at 36, ¶ 22. Finally, the court's ability to amend a protective order exists "only to the extent such action would not conflict with the statutes and procedural rules governing protective orders." *Id*. at 35, ¶ 20; *see* ARPOP 2. As provided by rule, a party is entitled to only one hearing to contest a protective order. ARPOP 38(a). After the hearing, an affirmed order "may be amended or dismissed only in two ways": (1) by request of the protected party, ARPOP 40(a), 41(a), or (2) by appeal to this court, ARPOP 42(a)(2),(b). *Vera*, 246 Ariz. at 35, ¶ 20.

¶8        In this case, nothing in the record reveals that Father requested a joint hearing on Mother's protective order petition and her request for sole legal decision-making. Thus, Father's only avenue after the protective order hearing was to appeal the order to this court. Applying *Vera*, this appeal encompasses only the order of protection; orders issued in the family law proceedings are not before us.

¶9        Father also argues the order of protection now serves as a de facto determination of his legal decision-making and parenting-time rights. Orders of protection, however, cannot determine such rights, even if the order and its underlying allegations have an effect on family law proceedings. *See* ARPOP 35(a) (explaining that orders of protection "cannot contain provisions regarding legal decision-making or parenting-time").

### B.        Compliance with ARPOP

¶10        Father argues the superior court abused its discretion by failing to comply with applicable law in continuing the protective order, namely ARPOP 5(b)(1), 23(e) and its statutory analogue, and 35(b). But Father has waived this argument because he failed to raise it in the superior court. *See Hawkins v. Allstate Ins. Co*., 152 Ariz. 490, 503 (1987) (recognizing that generally, "an appellate court will not consider issues not raised in the

4

trial court"). Even without applying waiver, we are not persuaded the court committed reversible error.

¶11 ARPOP 5(b)(1) states that a court cannot include a defendant's child in an order of protection "unless there is reasonable cause to believe: (A) physical harm may result or has resulted to the child, or (B) the alleged acts of domestic violence involved the child." The allegations here would qualify as acts of domestic violence under A.R.S. § 13-3601(A) (listing as predicate offenses A.R.S. § 13-705 (dangerous crimes against children) and § 13-1406 (sexual assault)). In affirming the order of protection, the superior court found S.S.'s testimony credible. Thus, viewing the record in the light most favorable to upholding the court's decision, sufficient evidence was presented for the court to find reasonable cause that S.S. was physically harmed and that the domestic violence involved S.S.

¶12 ARPOP 23(e)(1) requires a court to find "reasonable cause to believe that the defendant . . . has committed an act of domestic violence within the past year" before granting an ex parte order of protection. The same requirement is codified in A.R.S. § 13-3602(E). Because these provisions apply only to ex parte orders, they are inapplicable here, as Father is challenging an order granted after a hearing in which both parties appeared. *See* ARPOP 3(b) (defining "ex parte" as a court procedure "without notice to or presence of the other party"). Even if these provisions apply here, the record provides competent evidence supporting the court's finding of "reasonable cause to believe that the Defendant . . . committed an act of domestic violence against Plaintiff within the last year or may commit an act of domestic violence in the future."

¶13 Finally, ARPOP 35(b) states that "[b]efore granting a protective order prohibiting contact with a child with whom the defendant has a legal relationship," the court "must consider: (1) whether the child may be harmed if the defendant is permitted to maintain contact . . . and (2) whether the child may be endangered if there is contact outside the presence of the plaintiff." Father argues that ARPOP 35(b) requires explicit findings on the record, but the text of that rule only requires the judge to "consider" those two factors. *Cf.* ARPOP 35(c)(2) (requiring courts to consider various factors and "mak[e] specific findings on the record").

¶14 We also presume the superior court was aware of the rules governing protective orders, including ARPOP 35(b), and properly applied them in making its decision. *See State v. Lee*, 189 Ariz. 608, 616 (1997) (citation omitted) ("Trial judges 'are presumed to know the law and to

apply it in making their decisions.'"). The court found S.S.'s allegations of sexual misconduct against Father to be credible. Given that finding, it is implicit in the court's order of protection that S.S. could be harmed and endangered if Father was allowed to maintain contact with her. Nonetheless, we strongly encourage trial judges to make specific findings on the record when considering the ARPOP 35(b) factors so appellate courts may avoid relying on inferences.

### C. Due Process

¶15 Father argues the superior court hearing did not comport with the requirements of due process. We review constitutional issues de novo. *State v. West*, 238 Ariz. 482, 488, ¶ 12 (App. 2015).

¶16 First, Father argues the protective order rules are inadequate to meet the demands of due process. We disagree. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). It requires at least notice and "an opportunity to be heard at a meaningful time in a meaningful manner . . . ." *Wallace v. Shields,* 175 Ariz. 166, 174 (App. 1992). The rules provide adequate procedural protections to parties to address the issues surrounding a petition for order of protection. The rules require that "both parties have an opportunity to be heard, to present evidence, and to call and examine and cross-examine witnesses." ARPOP 38(f)(1).

¶17 Second, Father argues that Mother's failure to disclose the police report before the hearing deprived him of an opportunity to defend himself in a meaningful manner. Father objected to the relevance of the police report at the hearing, but not to its non-disclosure. "[A]n objection on one ground does not preserve the issue on another ground." *State v. Lopez*, 217 Ariz. 433, 434, ¶ 4 (App. 2008). Thus, Father waived his ability to challenge admission of the evidence based on non-disclosure. Waiver aside, the court did not abuse its discretion in admitting the police report. The protective order rules do not include a prehearing disclosure requirement. *See* ARPOP 37. And Father cannot reasonably complain he lacked notice of the claims in the police report. He had been served with the allegations in Mother's petition for the protective order, which referenced the police investigation, and he had a full and fair opportunity to present evidence in his defense at the hearing.

### D. Inclusion of Mother as Protected Party

¶18 The petition for the order of protection followed proper procedures in listing Mother as plaintiff "on behalf of . . . minor family

member" S.S. *See* ARPOP 5(a)(4)(A). As noted by Father, the record does not include any allegations or evidence of domestic violence against Mother, which she does not dispute. We therefore vacate the order of protection as to Mother. *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 11 (App. 2014) ("[G]ranting an order of protection when the allegations fail to include a statutorily enumerated offense constitutes error by the court."); *see* A.R.S. § 13-3601(A) (listing recognized offenses).

### E.  Application of Brady Law

**¶19** Though not raised by Father, we ordered supplemental briefing on whether the superior court committed reversible error by issuing the Brady notice. *See Stokes v. Stokes*, 143 Ariz. 590, 592 (App. 1984) (noting appellate court may consider issue not raised on appeal in civil case when "facts of a particular case so warrant and the question is one of substantive law presenting no dispute as to the facts").

**¶20** Before imposing firearms restrictions under the Brady Act, a court must make an explicit finding that a credible threat of physical harm is present. *See Quezada v. Servin*, No. 1 CA-CV 20-0014 FC, 2020 WL 6834323, at *2, ¶ 6 (Ariz. Ct. App. Nov. 19, 2020). The court may prohibit a party from possessing or purchasing a firearm for the duration of the order of protection only if the order "includes a finding that the person represents a credible threat to the physical safety" of the protected person. *Mahar* 230 Ariz. at 534, ¶ 15 (quoting 18 U.S.C. § 922(g)(8)(c)(i)) (citing A.R.S. § 13-3602(G)(4)). "A restriction against firearms does not automatically follow" a general no-contact order absent such an explicit finding. *Savord*, 235 Ariz. at 260, ¶ 22. Furthermore, ARPOP 23(i) requires the court to "ask the plaintiff about the defendant's use of or access to firearms to determine whether the defendant poses a credible threat," and it permits firearms restrictions upon such a finding.

**¶21** Here, the superior court did not make an explicit finding that Father posed a credible threat of physical harm to Mother or S.S. In its minute entry, the court stated it advised the parties of the Brady law, and that the parties may be prohibited from possessing firearms until the order of protection expires. The court then issued the *Brady* notice, stating Father is disqualified from possessing or purchasing a firearm or ammunition for the duration of the order. However, the record does not include a credible threat finding, nor does it include any allegations or discussion relating to firearms. Thus, the Brady notice must be vacated.

### F.      Attorneys' Fees and Costs

**¶22**        Mother requests attorneys' fees and costs on appeal under A.R.S. § 12-1809(O).  That statute, however, governs injunctions against harassment and is not applicable here.  Even assuming Mother had properly cited A.R.S. § 13-3602(S), which authorizes a discretionary fee award to any party in protective order cases, we would deny her request. Because each party achieved partial success on appeal, we decline to award taxable costs.

### CONCLUSION

**¶23**        We vacate the order of protection as to Mother, and the Brady notice.  The remainder of the order of protection is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA