NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

ARIK COMPANY LLC, *Plaintiff/Appellee*,

*v.*

RGO LLC, *Defendant/Appellant*.

No. 1 CA-CV 20-0280
No. 1 CA-CV 20-0284
(Consolidated)
FILED 3-4-2021

Appeal from the Superior Court in Maricopa County
No. CV2013-010442
No. CV2018-014076
Honorable Christopher Coury, Judge
Honorable Daniel G. Martin, Judge
Honorable Patricia A. Starr, Judge

**APPEAL DISMISSED IN PART, VACATED IN PART, AFFIRMED IN PART, REMANDED**

COUNSEL

Burch & Cracchiolo PA, Phoenix
By Jake D. Curtis, Daryl Manhart
*Counsel for Plaintiff/Appellee*

Rutila Seibt & Nash PLLC, Scottsdale
By Gregory W. Seibt, Alexandra Mijares Nash
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Cynthia J. Bailey and Judge Lawrence F. Winthrop joined.

---

**M c M U R D I E**, Judge:

¶1 Appellant RGO LLC ("RGO") challenges the superior court's grant of partial summary judgment on a rent disgorgement claim brought by Appellee Arik Company LLC ("Arik") based on a clarified ruling from an earlier case between the same parties. For the reasons discussed below, we dismiss the appeal from the judgment in Maricopa County cause number CV2013-010442. In Maricopa County cause number CV2018-014076, we vacate the judgment and remand for further proceedings because the clarified order is not entitled to preclusive effect.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Arik and RGO entered a commercial lease in August 2007 to operate a bar and restaurant (the "Lease"). Arik paid $1890 in monthly rent from September 2007 through March 2012 and began paying $2000 in monthly rent on April 1, 2012.

¶3 In October 2010, a significant hailstorm damaged the premises' roof, causing water leaks within Arik's restaurant. The storm also destroyed an illuminated sign on the premises that advertised Arik's restaurant.

¶4 Arik sued RGO in 2013 ("2013 Case"), alleging RGO had failed to make the necessary repairs to the premises and failed to replace or repair the sign. The Lease provided Arik with the following remedies in the event of partial damage to the premises:

> (a) In the event of damage described in paragraphs 9.2 or 9.3, and Lessor or Lessee repairs or restores the Premises pursuant to the provisions of this Paragraph 9, the rent payable hereunder for the period during which such damage, repair or restoration continues shall be abated in proportion to the degree to which Lessee's use of the Premises is impaired. Except for abatement of rent, if any, Lessee shall have no

claim against Lessor for any damage suffered by reason of any such damage, destruction, repair or restoration.

(b) If Lessor shall be obligated to repair or restore the Premises under the provision of this Paragraph 9 and shall not commence such repair or restoration within 90 days after such obligations shall accrue, Lessee may at Lessee's option cancel and terminate this Lease by giving Lessor written notice of Lessee's election to do so at any time prior to the commencement of such repair or restoration. In such event this Lease shall terminate as of the date of such notice.

RGO counterclaimed for forcible entry and detainer, trespass, and breach of the Lease.

**¶5**        In the 2013 Case, the superior court, Judge Patricia A. Starr presiding, granted partial summary judgment to Arik, finding RGO materially breached the Lease "by refusing to repair the hail-damaged sign" and rejecting RGO's contention that Arik did not properly exercise its option to renew the Lease in 2012. The case proceeded to a bench trial at which Arik claimed, among other damages, $62,181 in "Abatement of Rent" based on an alleged "70% loss of use due to failure to make required repairs." However, Judge Starr ruled that Arik "failed to prove that it suffered any damages as a result" of RGO's breach and, thus, that it was not entitled to recover damages. She also ruled that RGO failed to prove damages stemming from its counterclaims. Deeming Arik to be the successful party, the court awarded it attorney's fees according to Paragraph 31 of the Lease and costs under A.R.S. § 12-341.

**¶6**        RGO appealed to this court. We stayed the appeal to allow the superior court to certify the judgment as final under Arizona Rule of Civil Procedure ("Rule") 54(c). Following entry of an amended final judgment, we concluded that Paragraph 9.2 of the Lease obligated RGO to make repairs for insured losses, including the hail-damaged sign:

[I]f at any time during the term of this Lease there is damage which is an Insured Loss . . . , then Lessor shall, at Lessor's sole cost, repair such damage, but not Lessee's fixtures, equipment or tenant improvements, as soon as reasonably possible and this Lease shall continue in full force and effect.

*Arik Co., L.L.C. v. RGO, LLC* ("*Arik I*"), 1 CA-CV 15-0653, 2017 WL 822122, at *7, ¶¶ 28-29 (Ariz. App. March 2, 2017) (mem. decision). We also affirmed the court's conclusion that "RGO materially breached the lease by failing to

repair the hail-damaged sign" and affirmed the attorney's fees and costs award to Arik. *Id*. at \*7–10, ¶¶ 29, 39–41.

¶7        Arik moved for entry of the judgment after we issued our mandate in *Arik I*, and the superior court did so in December 2017. In June 2018, RGO moved to determine whether the judgments against it had been satisfied. Specifically, it sought "a credit towards the Judgments" because Arik had stopped paying monthly rent in June 2017 and "ha[d] not paid its share of the water bill since December 2017." Arik opposed the motion. Stating that the sign "was not rebuilt and is not rebuilt as of the filing of this motion," Arik argued RGO was not entitled to any offsets because its "material breach of the lease excuses Arik's performance . . . , including paying rent, until the material breach is cured." The superior court, Judge Daniel Martin presiding, denied RGO's motion in September 2018, finding that "the material breach previously found by the Court"—the failure to repair the sign—"remains uncured" and that Arik "is excused from performance pending that cure."

¶8        Arik filed a notice of satisfaction of the judgment on October 26, 2018, and Judge Martin entered a dismissal with prejudice on November 15, 2018. Two days before the court dismissed the 2013 Case, Arik filed a new complaint against RGO ("2018 Case"). Alleging that RGO still had not repaired the roof or the sign, Arik sought disgorgement of all rent it had paid between November 1, 2010, and June 1, 2017. RGO counterclaimed, asserting that it had repaired the sign on or about January 11, 2019, and that once the repairs were made, all of Arik's unpaid rent was past due.

¶9        The parties filed cross-motions for summary judgment, and the superior court, Judge Christopher Coury presiding, ruled as follows:

> 1. Arik's claims that predated January 13, 2012 were time-barred;

> 2. Arik's claims between January 13, 2012 and July 29, 2013 were barred by both issue and claim preclusion because "Judge Starr has ruled that there are no damages for that period of time";

> 3. "The language in Judge Martin's Ruling of September 27, 2018 . . . is the law of the case between these parties";

> 4. "[RGO's] equitable counterclaims are not properly postured procedurally . . . and . . . cannot be considered";

4

5. Genuine issues of material fact remained as to whether the roof and sign had been repaired; and

6. A genuine issue of material fact remained "as to the meaning of Judge Martin's Ruling dated September 27, 2018."

As to the last item, Judge Coury offered two possible constructions of Judge Martin's ruling:

a. Whether Judge Martin ruled that there [was] rent of $0 per month *owed by Plaintiff* so long as the breach is continuing; or

b. Whether Judge Martin ruled that Plaintiff had *no obligation to actually tender payment of rent* while the breach was continuing.

Judge Coury asked if either party objected to him speaking with Judge Martin to determine which construction he had intended. RGO objected, and Judge Coury granted the parties leave to seek clarification from Judge Martin.

¶10 Both parties did so. Judge Martin issued an order stating that he "intended . . . to hold that Plaintiff would *never* owe any rent *at all* for months when [RGO]'s breach was existing" and returned the matter to Judge Coury. On that basis, Judge Coury entered summary judgment for Arik for $92,000, representing the $2000 in monthly rent it paid between August 1, 2013, and May 31, 2017. Judge Coury also awarded Arik attorney's fees and costs and certified the judgment under Rule 54(b).

¶11 RGO filed notices of appeal in both the 2013 Case and the 2018 Case. The cases were consolidated, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

¶12 In reviewing a grant of partial summary judgment, we review *de novo* whether any genuine issues of material fact exist and whether the superior court correctly applied the law. *Sign Here Petitions LLC v. Chavez*, 243 Ariz. 99, 104, ¶ 13 (App. 2017). We view the facts and reasonable inferences in the light most favorable to RGO as the non-prevailing party. *Rasor v. Nw. Hosp., LLC*, 243 Ariz. 160, 163, ¶ 11 (2017). Summary judgment should be granted only "if the facts produced in support of [a] claim . . . have so little probative value, given the quantum of evidence required, that

reasonable people could not agree with the conclusion advanced by the proponent of the claim." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990).

## I. This Court Does Not Have Jurisdiction Regarding the Appeal From the 2013 Case.

**¶13**         This court has an independent obligation to determine whether it has appellate jurisdiction. *Dabrowski v. Bartlett*, 246 Ariz. 504, 511, ¶ 13 (App. 2019). If appellate jurisdiction is lacking, an appeal cannot proceed, and "any decision in such an appeal would be void." *Jessicah C. v. DCS*, 248 Ariz. 203, 205, ¶ 8 (App. 2020); *see Legacy Found. Action Fund v. Citizens Clean Elections Comm'n*, 243 Ariz. 404, 406, ¶ 9 (2018).

**¶14**         In the 2013 Case, Judge Martin dismissed the case with prejudice on November 15, 2018, after finding satisfaction of the judgment. Neither party filed a timely notice of appeal from this order. *See* ARCAP 8(a). Likewise, neither party sought to vacate the original judgment. *See* Ariz. R. Civ. P. 60(c)(1). The time to challenge the judgment and orders in the 2013 Case has passed, and we dismiss that appeal for lack of jurisdiction.[1]

## II. Judge Martin's Ruling that Arik's Performance Was Excused During RGO's Breach Was Erroneous and Not Entitled to Preclusive Effect.

**¶15**         RGO contends partial summary judgment was improper because Judge Martin's rulings, on which Judge Coury relied, either resulted from an improper horizontal appeal or violated the law of the case as established in Judge Starr's order.

**¶16**         "The policy against horizontal appeals . . . forms part of the general concept of law of the case as applied to decisions of the same court." *Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II*, 176 Ariz. 275, 278 (App. 1993). Under the law of the case, legal questions previously decided in the same case by the same court or a higher appellate court will not be reopened. *Sholes v. Fernando*, 228 Ariz. 455, 458, ¶ 8 (App. 2011). When applied to decisions of the same court, we treat the doctrine as procedural rather than a substantive limitation on the court's power. *Powell-Cerkoney*, 176 Ariz. at 278; *see also Humphrey v. State*, 249 Ariz. 57, 67, ¶ 37 (App. 2020) ("The doctrine is at its weakest when determining 'whether a judge is

---

[1]         We note that the dismissal of the appeal in the 2013 Case does not alter our analysis in the appeal from the 2018 Case.

bound to follow a prior decision made in the same case by another judge in the same court.'") (quoting *State v. King*, 180 Ariz. 268, 278–79 (1994)). However, it is well-settled that a "superior court judge cannot review or change the judgment of another superior court judge [once] the judgment has become 'final.'" *Vera v. Rogers*, 246 Ariz. 30, 36, ¶ 22 (App. 2018) (quoting *Davis v. Davis*, 195 Ariz. 158, 161, ¶ 11 (App. 1999)). Judge Starr's ruling became final in January 2016, well before Judge Martin issued his ruling. We, therefore, examine whether Judge Martin's ruling changed Judge Starr's judgment.

¶17        As discussed above, Arik sought $62,181 in "Abatement of Rent" based on an alleged "70% loss of use due to failure to make required repairs" in the bench trial before Judge Starr. Judge Starr rejected this claim, finding that "[t]he basis . . . is not clear, and no other evidence corroborated this claim." She then concluded that Arik had "failed to prove damages by a preponderance of the evidence."

¶18        In contrast, Judge Martin concluded that Arik's duty to pay rent was entirely excused for as long as RGO was in breach, citing *Zancanaro v. Cross*, 85 Ariz. 394 (1959). Arik also relies on *Zancanaro* on appeal. While *Zancanaro* states that ceasing performance is an available remedy for a material breach, it also says:

> [T]he parties to a contract may specify certain remedies which may be used in case of breach. They may in addition make such a provision the exclusive remedy or remedies, barring all others which would otherwise be available. To obtain this result, however, the intent of the parties must be made clear.

*Id.* at 399; *see also Hadley v. Sw. Props., Inc.*, 116 Ariz. 503, 506 (1977).

¶19        The Lease outlines two specific remedies for the type of breach at issue: rent abatement or the Lease's cancellation. It further provides that "[e]xcept for abatement of rent, if any, Lessee shall have no claim against Lessor for any damage suffered by reason of any such damage, destruction, repair or restoration." Arik does not contend that it ever attempted to cancel the Lease, but it sought rent abatement in the 2013 Case. *See, e.g., Blackmore v. Honnas*, 141 Ariz. 354, 356 (App. 1984) ("[I]f the agreement is not canceled as required by its terms, it may continue to be viable.").

¶20        Because the Lease states specific remedies for the breach at issue—and Arik claimed one of those remedies—Judge Martin erred by finding Arik's performance had been excused under *Zancanaro*. Thus, his

ruling is inconsistent with both the Lease and Judge Starr's order and is not entitled to preclusive effect. *Vera*, 246 Ariz. at 36, ¶ 22; *Bogard v. Cannon & Wendt Elec. Co., Inc.*, 221 Ariz. 325, 333, ¶ 26 (App. 2009). We, therefore, vacate the partial summary judgment in favor of Arik.

### III. The Superior Court Erred in Granting Partial Summary Judgment to Arik in the 2018 Case.

**¶21**         RGO also contends Judge Coury should have granted its cross-motion because claim preclusion and issue preclusion attached to Judge Starr's ruling and barred Arik's rent disgorgement claim.[2] On the other hand, Arik contends that it is not precluded "from seeking damages for RGO's continuing breach after the 2013 Case."

### A.     Claim Preclusion Does Not Bar the Claim.

**¶22**         Claim preclusion forecloses a party from further litigating a claim upon entry of a valid, final judgment after either adjudication or default. *Banner Univ. Med. Ctr. Tucson Campus, LLC v. Gordon*, 249 Ariz. 132, 136, ¶ 9 (App. 2020) (quoting *Circle K Corp. v. Indus. Comm'n*, 179 Ariz. 422, 425 (App. 1993)). It bars litigation not only of those facts that were litigated but also those facts which might have been raised in the earlier suit. *Stearns v. Ariz. Dep't of Revenue*, 231 Ariz. 172, 177, ¶ 25 (App. 2012). The party arguing for claim preclusion must establish three elements:

> (1) an identity of claims in the suit in which a judgment was entered and the current litigation;

> (2) a final judgment on the merits in the previous litigation; and

> (3) identity or privity between parties in the two suits.

*Banner*, 249 Ariz. at 136, ¶ 9 (quoting *In re Gen. Adjudication of All Rights to Use Water in Gila River Sys. & Source*, 212 Ariz. 64, 69–70, ¶ 14 (2006)). We review whether the doctrine applies *de novo*. *Pettit v. Pettit*, 218 Ariz. 529, 531, ¶ 4 (App. 2008).

---

[2]      Orders denying summary judgment normally are not appealable, but we may review the denial of a cross-motion to avoid piecemeal litigation. *Bothell v. Two Points Acres, Inc.*, 192 Ariz. 313, 316, ¶ 7 (App. 1998).

¶23     The second and third elements are met, as the 2013 Case was litigated to a final judgment, and both the 2013 and 2018 Cases involved Arik and RGO. We thus must determine whether there is an identity of claims between the two cases.

¶24     Under Arizona law, an identity of claims exists if no additional evidence is needed to prevail in the second action than was required for the first. *Lawrence T. v. DCS*, 246 Ariz. 260, 265, ¶ 17 (App. 2019). RGO again cites Arik's rent abatement claim resolved by Judge Starr in the 2013 case. Arik contends, however, that Judge Starr's rejection of that claim "did not entitle RGO to escape liability for continuing damages when it continued to remain in material breach." It further contends claim preclusion does not apply because its disgorgement claim in the 2018 Case requires "proof of different or additional facts." It argued that these facts were RGO's continued breach by failing to repair or replace the sign until January 2019 and resulting in damages in the form of rent paid while the breach was ongoing after the initiation of the 2013 case.

¶25     Judge Starr did not rule that Arik could never seek rent abatement for any month in which RGO was in breach. Instead, she ruled that Arik did not prove that it suffered the loss of use of the premises before filing the 2013 Case. The record is silent regarding whether Arik sustained a loss of use between July 2013, when it filed the 2013 case, and January 2019, when it appears RGO repaired the sign. And whatever evidence Arik may have to show any such loss of use necessarily would differ from the evidence it presented in the 2013 Case. Claim preclusion, therefore, does not apply. *See Phoenix Newspapers, Inc. v. Dep't of Corrs.*, 188 Ariz. 237, 240 (App. 1997) (claim preclusion applies only if "no additional evidence is needed to prevail in the second action than that needed in the first").

### B.     Issue Preclusion Does Not Bar the Claim.

¶26     Issue preclusion precludes a party from relitigating an issue identical to one previously litigated to a determination on the merits in another action. *Johnson v. O'Connor ex rel. County of Maricopa*, 235 Ariz. 85, 90, ¶ 20 (App. 2014) (quoting *State ex rel. Winkleman v. Ariz. Navigable Stream Adjudication Comm'n*, 224 Ariz. 230, 244, ¶ 33 (App. 2010)). It applies if

    [(1)] the parties had a full opportunity and motive to litigate [the issue],

    [(2)] resolution of the issue was essential to the decision,

    [(3)] a final resolution on the merits resulted, and

[(4)] there is common identity of the parties.

*Minjares v. State*, 223 Ariz. 54, 58, ¶ 14 (App. 2009). We review whether the doctrine applies *de novo. Crosby-Garbotz v. Fell*, 246 Ariz. 54, 56, ¶ 9 (2019).

**¶27**　　　Issue preclusion only applies to issues that have been litigated and were essential to a prior judgment. *4501 Northpoint LP v. Maricopa County*, 212 Ariz. 98, 103, ¶ 26 (2006). RGO contends, "[t]he issue of rent abatement in the 2018 [Case] is identical to the issue of rent abatement Arik argued and lost in the 2013 [Case]." Arik's rent disgorgement claim, which relies on Paragraph 9 of the Lease, is the equivalent of a claim for 100 percent rent abatement. But while the parties litigated whether Arik was entitled to rent abatement *before* it filed the 2013 case—and Arik does not challenge Judge Coury's ruling that those claims have been resolved—they have not litigated whether Arik suffered any loss of use of the premises *after* it filed the 2013 case. Issue preclusion, therefore, does not apply, and we affirm the denial of RGO's cross-motion.

## ATTORNEY'S FEES AND COSTS

**¶28**　　　Both parties request attorney's fees incurred in this appeal under A.R.S. § 12-341.01(A). RGO also cites Paragraph 31 of the Lease:

> If either party . . . brings an action to enforce the terms hereof or declare rights hereunder, the prevailing party in any such action, on trial or appeal, shall be entitled to his reasonable attorney's fees to be paid by the losing party as fixed by the court.

Generally, we enforce a contractual attorney's fees provision according to its terms. *Harle v. Williams*, 246 Ariz. 330, 333, ¶ 10 (App. 2019).

**¶29**　　　As we vacate the money judgment against RGO, we find that RGO is the prevailing party on balance in this appeal. *See, e.g.*, *Lee v. ING Inv. Mgmt., LLC*, 240 Ariz. 158, 161, ¶ 10 (App. 2016) ("Partial success does not preclude a party from 'prevailing' and receiving a discretionary award of attorneys' fees") (quotation omitted) (quoting *Berry v. 352 E. Va., LLC*, 228 Ariz. 9, 14, ¶¶ 23–24 (App. 2011)). Therefore, we award reasonable attorney's fees and taxable costs to RGO upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶30** We dismiss the appeal in the 2013 Case. In the 2018 Case, we vacate the partial summary judgment ruling in favor of Arik, affirm the denial of RGO's cross-motion, and remand for further proceedings.



AMY M. WOOD • Clerk of the Court
FILED:    AA