NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MIA INGRAM, *Petitioner/Appellee,*

*v.*

MARIO HERNANDEZ, *Respondent/Appellant,*

In re the Matter of:

MARIO ALBERTO HERNANDEZ, *Petitioner/Appellant,*

*v.*

MIA INGRAM, *Respondent/Appellee.*

No. 1 CA-CV 23-0567 FC
1 CA-CV 23-0735 FC
(Consolidated)

FILED 09-19-2024

Appeal from the Superior Court in Maricopa County
No.  FC2023-001856, FC2023-090293
The Honorable William R. Wingard
The Honorable Richard J. Hinz, Judge

**AFFIRMED**



COUNSEL

Mia Ingram, (Protected Address)
*Petitioner/Appellee*

Mario Alberto Hernandez, Las Vegas, Nevada
*Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Vice Chief Judge Randall M. Howe joined.

**P E R K I N S**, Judge:

**¶1** Mario Alberto Hernandez ("Father") appeals the superior court's ruling in his order of protection and dissolution proceedings with Mia Ingram ("Mother"). For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** Mother and Father have two children, Liam and Olivia, and Mother has one child from a prior relationship, Thomas (we use pseudonyms to protect the children). Father petitioned for dissolution of his marriage to Mother in January 2023. Two months later, Father moved for temporary orders for legal decision-making and physical custody of the children, claiming that Mother absconded with the children after filing a "phony" order of protection in June 2022. But Father could not serve Mother the petition and motion because Mother refused service. She explained that she did not want Father to know her address because she feared he would hurt her and the children.

**¶3** Thereafter, in a separate action in the superior court, Mother petitioned for an order of protection against Father. The court issued an order ("March Order of Protection") covering Mother and Thomas.

**¶4** Mother responded to the petition for dissolution and temporary orders, alleging Father physically and emotionally abused her and their children. She accused Father of being a "compulsive liar" and a

2

"con-artist." Mother also requested a protected address because of the March Order of Protection, which the court granted.

¶5        After an evidentiary hearing, the dissolution court issued temporary orders. The court awarded Mother temporary sole legal decision-making and gave Father supervised parenting time with Liam and Olivia for three hours every Saturday.

¶6        On May 6, Mother and Father arrived for the supervised visitation. Father did not bring a supervising adult, so Mother refused to allow Father to take the children, walked away from Father, and called 911. When the police arrived, they served Father with the March Order of Protection. A few days later, Mother filed another petition requesting an order of protection that included all three children. The court issued an Order of Protection ("May Order of Protection") that included Thomas, Liam, and Olivia as protected persons. Father was served with the May Order of Protection in July.

¶7        Father filed a "Petition to Enforce Parenting Time" after he did not see the children on May 6. He also asked the court to consolidate the divorce proceeding with the order of protection proceedings. Mother challenged the temporary orders. She explained that Father showed up to the meeting without a supervisor, then chased Mother and the children around a parking lot when she refused to allow Father to take them, causing her to lock herself in a nearby restaurant until police arrived. The court, noting the "dysfunction in this family," denied both parties' motions and affirmed "all prior Temporary Orders."

¶8        In July 2023, Father requested a hearing to contest the March Order of Protection. Both parties attended the hearing and presented testimony and exhibits. The court found reasonable cause to continue the May Order of Protection, which modified the March Order of Protection, because there "is reasonable cause to believe that [Father] has committed an act of domestic violence within the last year or could commit an act of domestic violence within the next year." Father timely appealed.

¶9        Leading up to the dissolution trial, Father and Mother each filed several motions with the court, and each failed to serve the other with some motions and responses. Father successfully filed and served a "Motion to Compel Discovery to Establish Fair Trial [and] Motion for Continuance." Mother failed to properly file her response. The court denied the motion to continue and declined to rule on the motion to compel. And

the court reserved for trial Father's claim that Mother disobeyed the court's temporary orders by not letting Father see the children.

**¶10**        The day before trial, Father moved to stay the dissolution trial pending resolution of the appeal in the order of protection case.

**¶11**        Father did not appear on the day of trial, and instead filed another motion to compel discovery. The court did not address Father's motion to continue or motion to compel, held the trial without Father present, and dissolved the marriage. A week after trial, the court denied Father's motion to stay. Father moved for reconsideration of the dissolution decree, which the court denied.

**¶12**        Father timely appealed the dissolution decree. This Court granted Father's motion to consolidate the order of protection and dissolution appeals. We have jurisdiction. A.R.S. § 12-2101(A).

## DISCUSSION

**¶13**        Appellate briefs must explain an appellant's "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations to legal authorities and appropriate references to the portions of the record on which the appellant relies." ARCAP 13(a)(7). "An appellant who fails to make a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments not supported by adequate explanation, citations to the record, or authority." *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (2022). Courts hold unrepresented litigants in Arizona to the same standard as attorneys, and do not give them special leniency. *Flynn v. Campbell*, 243 Ariz. 76, 83–84, ¶ 24 (2017). We have done our best to discern Father's arguments and will address those we have discerned. But we will consider waived any argument that Father did not clearly articulate in his opening brief.

**¶14**        Father did not provide transcripts from the order of protection hearing or the dissolution trial. Our rules require parties to provide transcripts to this Court. ARCAP 11(c)(1)(A); *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003) ("An appellant is responsible for making certain that the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal."). Because Father did not provide transcripts, we cannot review (a) his argument that the court improperly admitted evidence in the order of protection and dissolution hearings or (b) his argument that Mother presented allegations at the order of protection hearing that were not included in the petition. *See* Ariz. R. Protect. Ord. P. 38(d)(2)(A). For these

issues, we presume the transcripts would support the superior court's ruling. *J.F. v. Como*, 253 Ariz. 400, 406, ¶ 31 (App. 2022).

¶15      Father argues the court erred by not consolidating the order of protection and the dissolution proceedings. But our rules expressly state "[t]he court may not consolidate a case involving an order of protection with a family law case." Ariz. R. Fam. Law P. 5(a)(4); *see also Vera v. Rogers*, 246 Ariz. 30, 34, ¶ 16 (App. 2018). The court, therefore, properly kept the two proceedings separate. On appeal, Father argues the court made several errors in both proceedings, which we address in turn.

## I.    Order of Protection

¶16      First, Father argues he was not properly served the order of protection. We review service of process *de novo*. *See Ruffino v. Lokosky*, 245 Ariz. 165, 168–69, ¶¶ 9–10 (App. 2018). The court can issue an ex parte order of protection if the court finds the defendant has committed or will commit an act of domestic violence. Ariz. R. Protect. Ord. P. 23(e); A.R.S. § 13-3602(L), (T), (V)(2). Once the court issues an order of protection, "the court shall provide the order to a law enforcement agency" or other authorized entity to serve the defendant. A.R.S. § 13-3602(I)–(K). "If a defendant is physically present with the plaintiff and has not yet been served, a peace officer may be summoned to the scene and may use the plaintiff's copy of the protective order to effect service on the defendant." Ariz. R. Protect. Ord. P. 31(h). Once service is complete, the officer or agency shall notify the plaintiff that the order has been served. A.R.S. § 13-3602(I).

¶17      Father acknowledged receiving service of the order of protection when he attempted to pick up Liam and Olivia for supervised visitation. And a Phoenix Police Department officer declared that he personally served Father the March Order of Protection on May 6, which complies with Arizona Rule of Protective Order Procedure 31(h). In any event, by asserting his right to a contested hearing, Father waived service and rendered the order effective. *See Montano v. Scottsdale Baptist Hosp., Inc.*, 119 Ariz. 448, 452 (1978) (a party's appearance despite lack of service renders service unnecessary).

¶18      Father argues Mother failed to disclose the exhibits and evidence she used at the order of protection hearing. But order of protection proceedings have no disclosure requirement. Ariz. R. Protect. Ord. P. 37.

¶19      Finally, Father argues that the court violated Section 13-3602(H) when it ordered multiple orders of protection. But Section 13-3602(H) prohibits only mutual orders of protection, when "opposing

parties separately file verified petitions for an order of protection" and the court grants both. The court here did not issue mutual orders of protection; only Mother requested an order of protection. The court issued initial orders and thereafter changed them at Mother's request, taking into account Father's subsequent interactions with Mother and the children. The court did not violate Section 13-3602(H).

## II.    Dissolution

**¶20**         Father argues the court erred by denying his motion for a continuance of the dissolution trial. We review the denial of a motion to continue for an abuse of discretion. *State v. Barreras*, 181 Ariz. 516, 520 (1995). A party may request a continuance for good cause. Ariz. R. Fam. Law P. 34(a)(4). Father asked to continue the trial based on his incorrect assertion that the order of protection and dissolution cases should have been consolidated. Father lacked good cause for a continuance. The court did not abuse its discretion.

**¶21**         Father also argues the court violated Father's due process right to discovery, warranting a mistrial, by not ordering compliance with Rule of Family Law Procedure 49. But at the resolution management conference, the court ordered both parties to "complete all disclosure requirements required by Rules 49, 50, and 91." Father correctly points out that neither party complied with this order. "Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Curtis v. Richardson*, 212 Ariz. 308, 312, ¶ 16 (App. 2006). And we will reverse a decision based on a due process violation only if the error prejudices a party. *Volk v. Brame*, 235 Ariz. 462, 470, ¶ 26 (App. 2014). Both Father and Mother received notice of their obligation to comply with the discovery requirements and failed to do so. The court did not abuse its discretion by proceeding with the hearing despite the parties' mutual failure to abide by its disclosure order.

**CONCLUSION**

¶22        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AGFV